190 So.2d 694

**Marvin D. KEETON**

v.

**STATE of Alabama.**

**8 Div. 235.**

Supreme Court of Alabama.

Sept. 29, 1966.

Jerry M. Vanderhoef and Leon D. Sockwell, Tuscumbia, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Marvin D. Keeton was indicted by a grand jury of Colbert County for the offense of robbery. Upon his arraignment he entered a plea of not guilty. At his trial he was represented by court-appointed counsel.

A jury found Keeton guilty of robbery and fixed his punishment at imprisonment for a period of twenty-five years. He was adjudged guilty of the offense of robbery and was sentenced by the trial court in accordance with the jury's verdict.

Keeton filed a petition in writing with the Circuit Court of Colbert County giving notice of appeal, applying for a free transcript under Act 525, Acts of Alabama 1963, Vol. 2, p. 1129 (See 1965 Cumulative Pocket Part to Title 15 of the 1958 Recompiled Code, §§ 380(14)–380(25), and for the appointment of counsel under Act 526, Acts of Alabama 1963, Vol. 2, p. 1136 (See 1965 Cumulative Pocket Part to Title 15 of the 1958 Recompiled Code, §§ 318(1)–318(11)).

The trial court denied Keeton's request for a free transcript and for the appointment of counsel. From that order Keeton appealed to this court. We reversed. Keeton v. State, 278 Ala. 81, 175 So.2d 774.

Thereafter the trial court determined that Keeton was an indigent and ordered that he be furnished a free transcript and the trial court appointed the same attorneys who represented him at the trial to represent him on this appeal.

Court-appointed counsel have filed a brief in this court on behalf of Keeton wherein they asserted that the judgment of conviction should be reversed on the sole ground that "For aught that it (sic) appears from the transcript of the trial, Pages 98 and 99, the jury did not. fix the punishment of the Defendant as required by Title 14, Section 415, Code of Alabama 1940."

It is sufficient to say that the judgment entry set out on page 4 of the transcript shows that Keeton's punishment was fixed by the jury and not by the court. The judgment entry speaks absolute verity. Ex parte McDermott, 224 Ala. 684, 141 So. 659. And the judgment entry controls where there is a conflict in the record. King v. Martin, 67 Ala. 177; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103.

There was no request for the affirmative charge nor was a motion for new trial filed. We will point out, however, that two persons who were present at the time of the robbery identified Keeton as being one of the two men who committed the robbery. Keeton sought to establish an alibi.

The trial court did not err in refusing to give the two written charges requested by the defendant, Keeton. Other considerations aside, the principles sought to be stated by those charges were fairly and substantially covered by the court's oral charge.

We have examined the transcript of the record and the transcript of the evidence. It appears that Keeton was regularly indicted; that he was afforded counsel; that he entered a plea of not guilty; that the State presented evidence to the jury altogether sufficient to warrant the jury's verdict.

142

We find in the record before us no ground for reversal; hence the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.