200 So.2d 498

**Jessie D. GLISSON**

v.

**STATE of Alabama.**

3 Div. 281.

Supreme Court of Alabama.

June 5, 1967.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for petitioner.

Elno A. Smith, Jr., Montgomery, opposed.

HARWOOD, Justice.

 As pointed out in the majority opinion of the Court of Appeals on rehearing, since the Penal Code of 1866, Section 260, it has been the established policy of this state that terms of sentences are to run consecutively, and not concurrently.

As observed in State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557:

"It is definitely the policy, and provision, of our law that two (or more) terms of imprisonment in the penitentiary imposed upon a convict for separate convictions shall be served consecutively, not concurrently. Code 1940, Title 45, Sec. 32. This could only mean that at the expiration of the first, operative, term of such imprisonment the next operative term shall begin."

For substantially a century, prior to Act No. 82 (see 1961 Acts of Alabama, ex. sess. p. 1998, approved 15 September 1961), the courts of this state were without authority to provide for concurrent sentences.

By Act No. 82, supra, the legislature amended Section 32, Title 45, Code of Alabama 1940, to read as follows:

"When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entered that such sentences be served concurrently, such sentences shall be cumulative, and shall be served consecutively; * * *"

 To our thinking, this provision is clear, and unambiguous in showing the intent of the legislature. This intent is that unless it is *specifically ordered* in the judgment that such sentences are to be served concurrently, the sentences shall be served consecutively.

 The majority of the Court of Appeals takes the view that the last sentence of the judgment, i. e., "Said sentence to begin this day," is an expression of the intent of the lower court that the sentences run concurrently. Such inference cannot be indulged in view of the plain mandate of Act No. 82, supra, requiring a specific order of concurrency.

In Chaney v. State, 9 Ala.App. 45, 63 So. 693, we find the following:

"That part of the judgment entry specifying the day of the month and the year upon which the sentence should commence and expire is surplusage, and as it is inappropriate as applied to the changed conditions as to time, due to the suspension of the sentence pending an appeal, * * *."

The above doctrine is applicable to this appeal.

In view of Act No. 82, supra, the last sentence of the judgment of the Circuit Court is inappropriate and surplusage.

We are in accord with the minority view as expressed by Judge Price, and are of the conclusion that the majority opinion of the Court of Appeals has misapplied the law to the facts of this case. The judgment of the Court of Appeals is therefore due to be reversed and the cause is remanded to the Court of Appeals.

Reversed and remanded.

All Justices concur except COLEMAN, J., not sitting.