203 So.2d 138

**Edward G. CROOK, Jr.**

v.

**STATE.**

**8 Div. 127.**

Court of Appeals of Alabama.

Aug. 29, 1967.

Rehearing Denied Oct. 10, 1967.

No attorney appearing for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

On June 22, 1967, Crook submitted these appeals without filing a brief.

### I.

#### The Record

August 26, 1966, the Morgan County Grand Jury rendered two true bills against Crook. The first (Circuit Court No. 5947) charged him with voluntary manslaughter in killing Lynn Marie Cullison with a motor car. The second indictment (Circuit Court No. 5948) accused him of leaving the scene of the accident in which Lynn Marie Cullison was injured.[1]

September 10, 1966, the defendant, with counsel on arraignment, pled not guilty to both charges. The court set his trials for October 3, 1966. There was a continuance to October 6.

October 6, 1966, we find a minute entry in each case showing that, with leave of the court, the defendant withdraws his plea of not guilty and enters one of guilt.

On the manslaughter charge a jury was empanelled and (after a minimal presentation of a prima facie case) rendered a verdict of guilty with punishment assessed at eighteen months imprisonment in the penitentiary. After adjudication of guilt and allocutus, the trial judge, exercising the prerogative conferred on him by Code 1940, T. 15, § 325, treated the jury's reference to the "locus poenitentiae" as surplusage and fixed the Morgan County Jail as Crook's prison.

In the hit and run case on the same day, October 6, 1966, the trial judge on the plea of guilty without the intervention of a jury adjudged Crook guilty. After allocutus the court then sentenced him to eighteen months in the Morgan County Jail.

■ No words of concurrency appear. Therefore, these sentences must run consecutively. Code 1940, T. 45, § 83, as amended, Glisson v. State, 281 Ala. 187, 200 So.2d 498.

On November 14, 1966, Crook through counsel filed written motions to set aside his pleas of guilty and to restore each of the causes to the trial docket.

■ Inasmuch as more than thirty days had passed since the judgments were entered on October 6, 1966, the court below, under Code 1940, T. 13, § 119, had lost all power over the judgments. Under Pate v. State, 244 Ala. 396, 14 So.2d 251 (hn. 3), we must treat the proceedings regarding the motion as surplusage.

## II.

Included in the transcript of the record is a transcript of the evidence taken October 6, 1966, in presenting the jury with a prima facie case of manslaughter.

In this transcript of evidence there also appears the colloquy between the court and counsel on the charge of leaving the scene of an accident. Therein, the trial judge expressly stated that he would let Crook's second sentence "run concurrently with the sentence in the manslaughter case."

■ However, this expression of opinion cannot be used here to impeach the minute entry before us. Keeton v. State, 280 Ala. 140, 190 So.2d 694; Noah v. State, 38 Ala.App. 531, 89 So.2d 231. Code 1940, T. 45, § 83, as amended, admits of no other place of recording of the directions for two (or more) sentences to run concurrently than in the judgment entry. See Glisson v. State, supra.

## III.

Code 1940, T. 15, § 287, provides as follows:

"§ 287.—Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

■ The testimony shows that the two indictments did not arise from the same transaction within the scope of Lawson v. State, 33 Ala.App. 333, 33 So.2d 405.

Of § 287, supra, this court has said:
" * * * This law does not permit a single crime to be subdivided into two or more offenses, *nor can a series of charges be based upon the same act.*" (Italics added.) Crosswhite v. State, 31 Ala.App. 181, 13 So.2d 693.

This second offense is not the same act which caused the girl's death. The provisions of the Act (No. 427, July 9, 1945) not only impose a duty to stop but also to make himself known and to help any one injured. The breaches come after the act of killing.

A similar situation, though not one arising under § 287, supra, was considered in Echols v. State, 35 Ala.App. 602, 51 So.2d 260. There Judge Harwood adopted the

reasoning of People v. McKee, 80 Cal.App. 200, 251 P. 675.

The judgments in both appeals are due to be

Affirmed