208 So.2d 236

Willie **ELDRIDGE**

v.

**STATE.**

3 Div. 332.

Court of Appeals of Alabama.

March 12, 1968.

Willie Eldridge, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from denial of habeas corpus by penitentiary prisoner.

I.

The complaint is that after new trials two separate trial courts gave no credit for time previously served.

First, Eldridge was sentenced to five years from the Mobile Circuit Court for burglary, second degree.

While serving that sentence he was convicted of prison escape in Clarke County.

Both sentences were set aside under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

Next, in 1967, Eldridge was reconvicted separately. In each case he was sentenced to eighteen months. . One sentence (for escape) is not shown in the record.

The prison record (R. 7) has, under remarks, "To run concurrent with and at expiration of 81356." Case No. 81356 seems to have been the original burglary sentence. But it was set aside.

We do not pass on whether there was or was not concurrency since the actual judgment is not before us. Under Code 1940, T. 45, § 32, as amended, words of concurrency must be explicit and probably must set out the other sentence by an exact description. Glisson v. State, 281 Ala. 187, 200 So.2d 498.

Only the judgment (not a prison record notation) can prove or disprove concurrency. This, because the statute, § 32, supra, is the only authority for concurrency, and it requires that concurrency be recorded in the judgment entry itself. Crook v. State, 44 Ala.App. 83, 203 So.2d 138 (hn. 3).

Credit for prior time here could be as easily ascribed to the second sentence for burglary being only for eighteen months after prior imprisonment alleged to have been thirty-two months and ten days. If this latter figure is right, then it is clear that the original term of five years has been reduced.

Even if we were to accept Rice v. Simpson, D.C., 271 F.Supp. 267,[1] yet this case would not come under it. No excess of jurisdiction to support habeas corpus is shown.

In Aaron v. State, 43 Ala.App. 450, 192 So.2d 456, also a habeas corpus appeal, we stated:

"Moreover, we do not think that Alabama affords, after motion for new trial wherein the trial judge's power over judgment is kept alive, any post conviction remedy to assert that a sentence is invalid because of a claim of excessiveness if the second sentence does not go beyond the statutory limit. Isbell v. State, 42 Ala.App. 498, 169 So.2d 27. Our Supreme Court has failed to adopt any general rule that our remedy of coram nobis automatically assimilates all rights imposed on state trials by the Fourteenth Amendment. See Wilson, Federal Habeas Corpus and the State Court Criminal Defendant, 19 Vand.L.Rev. 741.

"It is equally available to deduce that Aaron's second sentence of five years came from subtracting the time served on the first sentence as that the trial judge on his second arraignment used, as it were, a grab bag with twenty slips (one for each of the twenty possible years) and by blind chance took out a ticket calling for five years. We resolve against the latter as ignoratio elenchi and hence conclude there is no excess of jurisdiction.

"This question of power is the only consideration open on habeas corpus. Ex parte Tanner, 219 Ala. 7, 121 So. 423. A patently erroneous sentence merely voidable is reviewable otherwise. See Ex parte Jenkins, 38 Ala.App. 117, 76 So.2d 858; Thomas v. State, 40 Ala.App. 697, 122 So.2d 535. In Isbell v. State, 42 Ala. App. 498, 169 So.2d 27, a coram nobis appeal, we affirmed though the punishment which led to original sentence was fixed by the judge on a plea of guilty to robbery."

II.

Goolsby v. State, 44 Ala.App. 535, 215 So.2d 598 (Nov. 28, 1967), was a case of a direct appeal and is not in conflict herewith.

[1.] Contrast the Fourth Circuit's Patton v. State of North Carolina case, 381 F.2d 636, with that in the Tenth in Newman v. Rodriguez, 375 F.2d 712.

### III.

We are somewhat left in non-Toynbee obscurity as to the thrust of Eldridge's prayer for relief. If it is because of lack of credit for prior time, then the time for appeal having expired, he has exhausted his State court remedies for this complaint, save only coram nobis to relieve from some fraud on a trial court, of which we are not told.

The judgment below dismissing the petition for habeas corpus is due to be

Affirmed.