218 So.2d 285

**Guy HARRIS**

v.

**STATE.**

**8 Div. 192.**

Court of Appeals of Alabama.

Jan. 28, 1969.

Clark E. Johnson, Jr., Albertville, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The minute entry, dated October 17, 1967, recites that defendant entered a plea of guilty to a charge of illegal possession of prohibited liquors. Judgment was rendered on the plea and sentence passed in accordance with the judgment.

Appellant's "Statement of the case" shows the following:

"On January 4, 1968, a motion to withdraw the plea of guilty was filed on behalf of appellant. On March 12, a motion to set aside "Judgment entry" and a motion to strike purported judgment entry were filed on behalf of defendant.

"On April 4, hearing was held on the three motions and testimony was taken concerning the same. Appellant contended he did not plead guilty on October 17, and the State contended that the defendant did plead guilty. The circumstances of this 'plea' will be set out in the Statement of Facts. The court overruled all three motions and the defendant gave notice of appeal. *Please note the notice of appeal and the appeal bond show that the appeals were taken separately and severally as to the rulings of the Court on each of the motions and also from the purported judgment of conviction dated October 17, 1967.*" (italics ours)

Title 15, Sec. 367, Code 1940, authorizes an appeal in a criminal case only from a judgment of conviction. Title 7, Sec. 764, Code, supra, gives a defendant a right of appeal from an adverse decision on a motion for a new trial.

An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute. Dawson v. State, 37 Ala.App. 16, 66 So.2d 567. The motions to set aside and to strike the judgment entry are not appealable orders.

In Ex parte Sykes, Ante p. 473, 213 So.2d 413, we said:

"The time for a motion for leave to withdraw a plea of guilty expires as

provided in Code 1940, T. 13, § 119. Woodward v. State, 42 Ala.App. 552, 171 So.2d 462."

 The record consists of testimony and exhibits introduced at the hearing on the motions, which seek to prove that the judgment entry is void.

In Keeton v. State, 280 Ala. 140, 190 So.2d 694, the court said:

"The judgment entry speaks absolute verity. * * * And the judgment entry controls where there is a conflict in the record."

The judgment is affirmed.

Affirmed.