227 So.2d 138

**William ESSEX, Jr.**

**v.**

**STATE.**

**2 Div. 7.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1969.

Rehearing Denied Oct. 7, 1969.

L. M. Lowrey, Jr., Linden, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

On Rehearing

CATES, Judge.

On rehearing Essex asks the meaning our cryptic "Affirmed (No Op.)," pronounced August 19, 1969 on his coram nobis appeal. "Affirm," according to Black's Law Dictionary, means:

> "In the practice of appellate courts, to affirm a judgment, decree, or order, is to declare that it is valid and right, and must stand as rendered below; to ratify and reassert it; to concur in its correctness and confirm its efficacy. Boner v. Fall River County Bank, 25 Wyo. 260, 168 P. 726, 727."

We affirmed the judgment of the Marengo Circuit Court because of Supreme Court Rule 50, which reads:

> " * * * and the sentencing court shall not be required to entertain a second or successive petition for similar relief on behalf of the same prisoner. A successive petition on different grounds will not be entertained unless good cause is shown why the new ground or grounds were not known or could not have been reasonably ascertained when the first petition was heard."

Also, we note that Essex misapprehends the interpretation of Code 1940, T. 45, § 32, as amended, which reads in part as follows:

> "When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment entry that such sentences be served concurrently, such sentences shall be cumulative, and shall be served consecutively; * * *"

The original sentences are not in the record before us. However, counsel at the coram nobis hearing recited four sentences, each for eighteen years. After thirty days

## 142

the circuit court loses all power over its judgments. Code 1940, T. 13, § 119. See Ex parte Merkes, 43 Ala.App. 640, 198 So.2d 789; Crook v. State, 44 Ala.App. 83, 203 So.2d 138.

On original deliverance we gave no opinion because we consider the appeal was nothing more than lip service to the didactic insistence of Federal Courts that Alabama convicts must exhaust their well-nigh, non-existent state court post conviction remedy of coram nobis. Also, Code 1940, T. 13, § 66 provides in part:

"* * * The justices of the supreme court and the judges of the court of appeals shall not be required to write opinions in cases where the decisions merely reaffirm previous decisions, or relate to questions of fact only, or when the cases decided would, in their opinion, serve no useful purpose as precedents; * * *"

The application (Essex's letter of August 24) is due to be overruled.

Application overruled.