262 So.2d 639

**Elvie W. ISBELL**

v.

**STATE.**

**2 Div. 65.**

Court of Criminal Appeals of Alabama.

May 16, 1972.

Charles H. Sims, III, Selma, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from the denial of coram nobis.

I

October 9, 1968, Isbell pled guilty in open court apparently to an indictment charging him with the unlawful possession

of depressant or stimulant drugs (amphetamines) contrary to the form of the statute in such cases made and provided to-wit: the Alabama Drug Abuse Control Act, No. 252, approved (and effective from) August 24, 1967. He got five years in the penitentiary.

Section 8 of said Act expressly repeals all laws or parts of laws in conflict with the Act. § 3(a) makes violations of § 2 felonies.

Isbell claims that the Drug Abuse Control Act did not repeal Act No. 189, September 15, 1961, effective sixty days thereafter. This latter act relates to the possession, etc., of amphetamines with misdemeanor punishment for a first offender.

■ Without analyzing the two acts in detail (such as counterfeiting drugs, record keeping, etc.), we can say unequivocally that § 8 of the later Drug Abuse Control Act as to the penalty for possession of amphetamines did repeal the discrepant penalties therefor in the earlier act of 1961 for offenses occurring after August 24, 1967, at least up to September 16, 1971, the effective date of the Alabama Uniform Controlled Substances Act.[1]

■ Moreover, we must remember that the instant proceeding is by way of coram nobis which relates to errors of *fact* which could have prevented the original judgment of conviction. Hence, cases of direct appeal such as Ramsey v. State, 43 Ala. App. 617, 197 So.2d 763, are not pertinent.

## II

■ Isbell in his testimony contended that the sentencing judge (since deceased)

pronounced sentence to run concurrently with the unexpired sentence which was partly unserved. He did not produce the circuit court judgment entered on his plea of guilty.

The former Court of Appeals in Eldridge v. State, 44 Ala.App. 327, 208 So.2d 236 (a habeas corpus appeal) said in part:

" * * * Under Code 1940, T. 45, § 32, as amended, words of concurrency must be explicit and probably must set out the other sentence by an exact description. Glisson v. State, 281 Ala. 187, 200 So.2d 498.

"Only the judgment (not a prison record notation) can prove or disprove concurrency. This, because the statute, § 32, supra, is the only authority for concurrency, and it requires that concurrency be recorded in the judgment entry itself. Crook v. State, 44 Ala.App. 83, 203 So.2d 138 (hn. 3)."

This question, too, was solely one of law and hence not amenable to coram nobis.

## III

The State also points out correctly that Isbell did not aver or attempt to prove that he was not guilty.

## IV

■ We also note that contrary to Supreme Court Rule 50 Isbell failed to aver good cause for bringing this his second coram nobis petition.[2] Supreme Court Rule 50 seemingly gives the trial judge a wide discretion (possibly with even verbal pleading to settle the points at issue) so that if the State does not insist on the

---

1. Section 508b(4) of the Uniform Alabama Controlled Substances Act in expressly repealing "Alabama Drug Abuse Control Act" erroneously lists the repealed portions as "Sections 255(7) through 255 (14)." The latter Act appears *in paraphrased substance*, though not verbatim, in Michie's 1958 unofficial code, Title 22, §§ 255(7)–255(14). The reference to "Alabama Drug Abuse Control Act" is specific enough to identify Act No. 252, August 24, 1967, as being repealed in toto.

2. This court on June 23, 1970, affirmed, without opinion, denial of a prior writ. The petition in the instant proceeding was filed in the Circuit Court on September 10, 1970.

strict niceties of Rule 50, this court ordinarily only takes up the issues arising out of the evidence.

The judgment of the circuit court is due to be

Affirmed.

PRICE, P. J., and ALMON) TYSON and HARRIS, JJ., concur.