301 So.2d 247

**Joe BRADLEY**

**v.**

**STATE.**

**8 Div. 505, 506, 507, 508 and 509.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

Rehearing Denied Oct. 1, 1974.

No brief for appellant.

William J. Baxley, Atty. Gen. and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Four cases of selling amphetamine sulphate, one of possession thereof: sentence, in each case two years in the penitentiary. No words of concurrency of the sentences appear in the judgment entries. Therefore, the sentences are consecutive. Crook v. State, 44 Ala.App. 83, 203 So.2d 138; Eldridge v. State, 44 Ala.App. 327, 208 So.2d 236; Isbell v. State, 48 Ala.App. 152, 262 So.2d 639.

The instant records are in nowise distinguishable from that found in Twyman v. State, 53 Ala.App. 351, 300 So.2d 121, reversed 293 Ala. 75, 300 So.2d 124. In addition, there is a court reporter's transcript of the colloquy between the judge and the prisoner. While this colloquy does not allude to the range of punishment, the *Ireland* form [1] used in the court below (which is signed and filed of record there) does show that appellant was apprised of what the minimum and maximum sentences and fines are. We consider that no problem arises under Carter v. State, 291 Ala. 83, 277 So.2d 896.

Accordingly, on authority of *Twyman*, supra, the judgments below are

Affirmed.

---

1. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602.

## ON REHEARING

Appellant in his application for rehearing has asked us to expunge from our original opinion the reference to the sentences being consecutive.

In Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90, we find:

"The Attorney General admits that if we should grant the motion it would necessitate (1) withdrawing the opinion heretofore rendered by this court; (2) setting aside the submission of the cause; (3) granting permission to the State to file a motion in the Circuit Court of Chilton County for the purpose of correcting nunc pro tunc the judgment or minute entry; (4) the issuance of a writ of certiorari to the clerk of said court to certify to this court the true and correct copy of the judgment entry after the proceedings to correct the judgment have been completed, followed by a resubmission of the cause, etc.

"We are unwilling to establish such precedent, after a lapse of so long a time and where the above indicated proceedings are necessary, after a ruling has been made in this court and an opinion rendered."

The record under date of February 28, 1974, has appended a certificate of the Circuit Clerk that " * * * the foregoing pages * * * contain full and complete transcript of the record and proceeding of the Circuit Court * * * in a case therein pending, * * *."[2] In Orum v. State, 286 Ala. 679, 245 So.2d 831, Mr. Justice Merrill emphatically put the burden of getting up a proper appellate record on the shoulders of the appellant's counsel.

On authority of *Huddleston,* supra, we overrule the application for rehearing.

Opinion extended; application overruled.

All the Judges concur.

---

2. If the minute entry below shows a concurrent sentence this becomes the controlling

document as far as the penitentiary is concerned.