FAULKNER, Justice
(concurring specially-)
I concur to reverse and remand, and in doing this, I add my comments on the merits of the case.
The judgment of the court sentencing Carter reads as follows:
“On this the 22nd day of August, 1974, in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorney and the defendant being duly arraigned on the indictment in this case charging him with the offense of assaulting an officer with a deadly weapon while engaged in performance of lawful duty, plead not guilty.
“On this the 17th day of October, 1974, in open court, the defendant being present with his coulsel [sic] advises the court that he desires to withdraw his former plea of not guilty and to enter, in lieu thereof, a plea of guilty to the charge of assaulting an officer with a deadly weapon while engaged in performance of lawful duty as charged in the indictment and waives a jury trial. Whereupon the court examined the defendant and finds and determines that the defendant understands the effect of his plea of guilty and the possible sentence by the court predicated thereon; that he did commit the offense with which he is charged; that his plea of guilty has not been induced by an promises, assurances, inducements, threats, coercion or mistreatment by anyone; that he is not under the influence of any drugs or alcohol and is of sound mind; that he has discussed his plea of guilty fully with his attorney and is satisfied with his attorney’s services; that he makes his plea of guilty of his own free will and because he is guilty and for no other reason.
“And now, in open court, comes the defendant with his attorney, Honorable Morgan Weeks and makes known to the court that he desires to enter a plea of guilty to the offense of assaulting an officer with a deadly weapon while engaged in performance of lawful duty, and the court, having interrogated the defendant in open court in the presence of his attorney concerning his knowledge and understanding of his rights under the constitution of Alabama and of the United States and of the nature and consequences of his plea of guilty, and the court having considered the written declaration of the defendant and the certification of his attorney which has been filed in this cause and marked ‘Court’s Exhibit A’ and which is incorporated in this judgment of sentence by reference thereto in all respects as if the same were set forth herein in haec verba, the court finds and determines that the defendant’s plea of guilty is voluntarily and understanding^ made and is accepted by the court and, accordingly, the defendant is adjudged guilty of assaulting an officer with a deadly weapon while engaged in performance of lawful duty and the defendant, being asked if he has anything to say why the sentence of the law should not be pronounced upon him saith nothing, whereupon the defendant is sentenced to imprisonment in the County Jail for a term of three (3) months and fined one hundred dollars ($100). Jail sentence to be served forty-five (45) con *594 secutive days of time with a ten (10) day period of release intervening.”
I

The Judgment

I am of the opinion this judgment does not conform to standards laid down by Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
From this record I cannot determine that Carter was informed by the trial court before accepting the guilty plea, what the minimum and maximum sentence would be. It is true the judgment states, “the Court examined the defendant and finds and determines that the defendant understands the effect of his plea of guilty and the possible sentence by the court predicated thereon.” This is a broad general statement. I do not find a colloquy between the trial court and Carter to review, and determine what the examination consisted of. The judgment refers to “Court’s Exhibit A,” and maybe the colloquy is reported there. However, I find no “Court’s Exhibit A” in the record. This court said in Carter, “Subsequent to Boykin, ... it has become established that the defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea.” Furthermore, Carter says, “The better practice is to elicit the maximum and minimum sentences from the defendant himself, so that his knowledge thereof appears on the face of the record.” From this record I am unable to say this judgment passed the Carter muster.
II
The Alias Writ of Arrest
The trial court had lost jurisdiction of the case when he ordered the alias writ of arrest. After 30 days, the circuit court loses all power over its judgments. Title 13, § 119, Code of Alabama 1940. Essex v. State, 45 Ala.App. 141, 227 So.2d 138 (1969). The judgment is dated August 22, 1974— the alias writ of arrest, September 19,1975. Therefore, 30 days after August 22, 1974, the court lost its power over the judgment. At that time Carter was the exclusive “guest” of the Executive Department — the sheriff. When the sheriff told Carter to “go back home,” he accommodated him by going.
Whether the sheriff was thwarting the court’s order, I do not say. However, an observation is, that all parties endeavored to accommodate each other — the court by giving Carter a split sentence — the sheriff by telling Carter to go home, and Carter by not arguing with the sheriff about his “right” to spend 90 days in jail.