Second degree murder; sentence: life imprisonment.
On the afternoon of August 10, 1973, Joan Collins was riding in Birmingham in an automobile driven by Dan Simpson, and accompanied by her sister, Harriett Dixon, and by Howard Wright and Tony Dixon. The appellant, riding by in an automobile driven by Leo Broom, recognized his former girlfriend, Joan Collins, and followed the the other automobile to Harriett Dixon's house. The two automobiles stopped and as Joan Collins stepped from her car, the appellant approached and said, "Bitch, I told you I was going to kill you." Appellant fired several shots at her, hitting her once in the back as she ran toward a neighbor's house. The appellant fired three more shots, apparently at Harriett Dixon and *Page 1019 
then fled in the automobile driven by Leo Broom. Joan Collins died later that night from the gunshot wound.
Appellant testified that he was fired upon first by Howard Wright, Joan Collins' new boyfriend. (Appellant and Joan Collins had lived together for several years and had broken up their illicit cohabitation shortly before the shooting incident.) Appellant stated that after being fired upon, he returned several shots and then fled.
The appellant originally pled not guilty to first degree murder, he later withdrew his plea and entered a negotiated plea of guilty to second degree murder. On July 30, 1975, judgment was entered on the guilty plea and, on recommendation of the district attorney, appellant was sentenced to fifteen years imprisonment. Appellant was later indicted for assault with intent to murder Harriett Dixon and proceeded to trial on that charge on January 20, 1976.
On January 19, 1976, the appellant filed a "Motion For Collateral Estoppel" alleging that the prosecution had entered into a binding agreement to dismiss the assault charge upon appellant's plea of guilty to second degree murder. A hearing was held on that date in which appellant's former counsel testified that the agreement was to dismiss the assault charge or either to receive a sentence to run concurrently with the sentence entered on the guilty plea in the murder case. The assistant district attorney in charge of the murder case testified that he did not remember the details of his discussion with defense counsel or whether any decision was reached on the assault charge. It was disclosed in the hearing that after the guilty plea was entered and the appellant received the fifteen year negotiated sentence, that the family of the victim became very upset over the settlement. They contacted the district attorney who also became upset and discussed the matter with the assistant district attorney in charge of the murder case. The assault with intent to murder indictment then apparently arose from the dissatisfaction with the sentence meted out in the murder case.
At the end of the hearing on the appellant's motion, apparently at the trial judge's suggestion, the appellant orally moved the court to set aside the guilty plea and judgment on the murder conviction, to restore that case to the docket, and to try the murder and assault cases together. Over the State's objection, the motion was granted, and trial commenced the next day on both charges. At the end of the trial, the jury acquitted the appellant on the assault charge, but convicted him of second degree murder and fixed punishment at life imprisonment.
Appellant brings this appeal seeking: (1) to have the trial court's ruling reversed which set aside his original guilty plea and sentence thereon, and (2) to have the fifteen year sentence on the original guilty plea reinstated. Appellant contends that the circuit court had lost jurisdiction over the original murder case and could not set aside the final judgment and put him to trial again on that charge.
This Court, in Goolsby v. State, Ala.Cr.App., 344 So.2d 224
(1977) quoted from Moving Picture Machine Op. Local No. 236 v.Cayson, 281 Ala. 468, 205 So.2d 222 (1967) wherein our Supreme Court stated:
 "§ 119, Title 13, Code 1940, provides that after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial, has been filed and called to the attention of the court and an order entered continuing the motion for hearing to a future day. . . ."
The statute is very clear that unless a proper motion is made prior to the expiration of thirty days from rendition of judgment, called to the attention of the trial court and an order entered continuing the motion for a hearing for a future date beyond the thirty day period, the trial court loses all jurisdiction over the case. There are a multitude of cases supporting that proposition. Essex v. State, 45 Ala. App. 141,227 So.2d 138 (1959); Harris v. State, 44 Ala. App. 632,218 So.2d 285 (1969); Ex parte Sykes, 44 Ala. App. 473,213 So.2d 413 (1968); Hamilton v. State, 43 Ala. App. 192, *Page 1020 186 So.2d 108 (1966); Ex parte R.H. Byrd Contracting Company,26 Ala. App. 171, 156 So. 579 (1934).
Where the trial court's jurisdiction has completely lapsed, as though it never existed, jurisdiction cannot be revived by waiver or by agreement of the parties. Pate v. State, 244 Ala. 396, 14 So.2d 251 (1943).
In English v. State, 56 Ala. App. 704, 325 So.2d 211, cert. denied 295 Ala. 401, 325 So.2d 216 (1975) this Court stated that, ". . . if the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw his guilty plea on motion promptly made. . . ."
(Emphasis supplied.) The time for filing a motion for leave to withdraw a guilty plea is governed by Title 13, § 119. Harris;Sykes, supra.
The line of cases dealing with the failure of the State to live up to an agreement made with the defendant generally deals with situations where a defendant, on sentencing, finds that his sentence is more severe than his agreement with the prosecution had called for. In those cases there has been an almost immediate objection or a motion to set aside the guilty plea at the time of sentencing. Such was the case in English, supra.
We note in the instant case that there was no agreement in writing, and the district attorney did not remember whether he had entered into an agreement which would affect his later bringing an assault charge against the appellant. Where the appellant pleads guilty to one charge with the understanding that a second charge will not be brought against him, but after the lapse of thirty days from judgment, the district attorney violates the agreement and brings a second charge, then upon proper motion and proof, the State may possibly be estopped from prosecuting the second charge. However, we pretermit deciding the issue of collateral estoppel here, since the second charge resulted in an acquittal.
The record does not reflect, and neither do the parties contend, that any motions were filed with the trial court prior to the expiration of thirty days after rendition of judgment. There is no evidence that a motion for a new trial was timely filed, brought to the attention of the trial judge and kept alive beyond the thirty day period. Neither did the trial court take any action, ex mero motu, during that period to retain jurisdiction. Ex parte R.H. Byrd Contracting Company, supra.
The State contends that the verbal motion of defense counsel could be considered as a petition for writ of error coram nobis. We disagree. The verbal motion, setting forth no grounds for setting aside the judgment, in no way conforms to the requirements of a petition for error coram nobis. See: 7Alabama Digest, Criminal Law, 997.1.
The motion to set aside the guilty plea and sentence came more than five months from the time judgment was entered in the murder case. There being no motion alive before the court, all jurisdiction over that judgment in the trial court had completely lapsed. Therefore, the proceeding which resulted in setting aside the judgment and restoring the murder case to the docket must be considered coram non judice. Pate, supra;Nickens v. State, 31 Ala. App. 297, 15 So.2d 633 (1943). That portion of the trial court's order must be regarded as surplusage. Crook v. State, 44 Ala. App. 83, 203 So.2d 138
(1967). Since the trial court's vacation of judgment on the guilty plea was a complete nullity, appellant was only legally tried for assault with intent to murder on January 20, 1976, and was acquitted. Appellant's second conviction and sentence of life imprisonment on the murder charge, for which he was at that time serving a lawful sentence of fifteen years imprisonment, must be reversed and rendered. The trial court is directed to reenter upon its records the original judgment of conviction of second degree murder and fifteen year sentence imposed thereunder.
REVERSED AND RENDERED WITH DIRECTIONS.
All the Judges concur. *Page 1321