BOWEN, Judge.
The petitioner is an inmate of the Alabama Prison System serving a ten year sentence for murder in the second degree and a ten year sentence for carnal knowledge. Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County alleging that he had been deprived of “good time” credit under Act No. 182 without due process of law. Petitioner also asserts that his sentences are to run concurrently and not consecutively. A hearing was had and the writ was denied.
*139 A brief history of Act No. 182 is necessary before a consideration of the issues on this appeal. On July 29,1976, the Alabama Legislature passed Act No. 182, Regular Session 1976, which allowed the Alabama Board of Corrections to award incentive good time credit to prison inmates in exceptional cases of good behavior and industriousness. On the 8th of September 1976 the Attorney General’s Office, State of Alabama, issued an opinion declaring the Act to apply retroactively. Under this opinion, petitioner’s release date was computed to be January 3, 1979. Pursuant to this opinion some prison inmates were given credits and released from prison.
On November 3, 1976, the Attorney General issued a second opinion stating that the Act would not have a retroactive application. The Commissioner of the Board of Corrections then rescinded his earlier calculations for incentive good time credits for all inmates who had not been released, including petitioner, and recomputed the incentive good time credits pursuant to the opinion issued November 24, 1976. Petitioner was then informed that his release date was January 3, 1979.
I
The initial issue presented by the petitioner has been recently answered by the Supreme Court of Alabama in response to a certified question from the United States District Court for the Middle District of Alabama pursuant to Rule 18, Alabama Rules of Appellate Procedure. In Baker, et al. v. Baxley, et al., 343 So.2d 468, issued July 22, 1977, our Supreme Court held that Act No. 182 was not intended to be retrospective. Additionally they held that there was no invidious or unconstitutional discrimination between those inmates who were credited with incentive good time pursuant to the Attorney General’s opinion of September 8,1976, and released from custody, while other inmates (which would include petitioner), although credited with such good time but before being released, had their good time revoked and recalculated pursuant to the Attorney General’s opinion of November 24, 1976.
In Baker, supra, the Supreme Court held that there was no violation of the equal protection clause of the Alabama Constitution and the Fourteenth Amendment to the Federal Constitution because the
“unequal application of Act No. 182, ., was based upon a misapprehension of the Act’s legal effect, and was not based upon an unjustifiable standard such as race, religion, sex or other arbitrary classification. Consequently, the unequal application would not violate the equal protection clause of either the state or federal Constitution. Cf. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).
“The fact that some inmates may have been released prematurely because the Board of Corrections was relying upon a misapprehension of the law cannot work a discrimination because of the Board’s refusal to release others. / . . . It is sufficient to point out that the Board was not legally or constitutionally required to perpetuate its mistake.”
Under this authority the petitioner’s equal protection argument is without merit.
II
Petitioner argues that his sentences are concurrent and not consecutive. On January 4, 1974, the petitioner was convicted of murder in the second degree in Jefferson County and sentenced to ten years in the state penitentiary. On March 16, 1974, he was convicted of carnal knowledge in the Circuit Court of Shelby County and sentenced to ten years in the penitentiary. Both the state and the petitioner recognize the authority of Title 45, § 32, Code of Alabama 1940 (Act No. 82, 1961 Acts of Alabama, ex. sess. p. 1998, approved 15 September 1961):
“When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, unless it is specifically ordered in the judgment [entered] that such sentences be served concurrently, such sentences shall be cumulative, and shall be served consecutively; ”
*140 Petitioner’s argument is based on the language of the judgment entry in the Shelby County conviction.
“On this the 16th day of March, 1974, in this cause, the Court of Criminal Appeals affirmed the trial court dated March 5, 1974. The defendant failed to prosecute his case further and the defendant being in the penitentiary of the State of Alabama, it is ordered, adjudged and decreed by the Court that defendant’s sentence time shall begin 15 days subsequent to the aforesaid Criminal Court of Appeals affirmance of said case on to-wit the 16th day of March, 1974.” (Emphasis supplied)
It is settled in this state that where no words of concurrency of sentences appear in the judgment entry, the sentences are deemed to be consecutive. Bradley v. State, 53 Ala.App. 483, 301 So.2d 247 (1974). Unless it is specifically ordered in the judgment entry that such sentences are to be served concurrently, the sentences shall be served consecutively. An inference cannot be entertained in view of the clear and plain command of Title 45, § 32, requiring a specific order of concurrency. Glisson v. State, 281 Ala. 187, 200 So.2d 498, reversing, 43 Ala.App. 700, 200 So.2d 493 (1967). Here there was no specific order of concurrency. This case is governed by Glisson, supra, and under the doctrine enunciated there, the argument of petitioner is without merit.
Petitioner’s motion and request for this court to suspend the rules as provided in Rule 2(b), Alabama Rules of Appellate Procedure, as regards Rule 22 and the requirement that the record be filed within thirty days from the date of notice of appeal is hereby granted.
The judgment of the trial court denying the petition for a writ of habeas corpus is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.