BOWEN, Presiding Judge.
Mike Davis pled guilty to an indictment charging the unlawful sale of Methaqua-lone. He was sentenced to three years’ imprisonment.
At the time of the plea, Davis was serving a sentence on a federal charge involving an unlawful sale of drugs to the same purchaser as the purchaser in this case. The two sales occurred approximately one week apart. The plea bargain agreement pursuant to which Davis pled guilty was that the State would recommend a sentence of three years’ imprisonment with the understanding that Davis would apply for probation and a concurrent sentence, both of which the State would oppose. The trial judge sentenced Davis to three years’ imprisonment and denied his request for a concurrent sentence.
The issue of whether to order a state sentence to run concurrent with a federal sentence is in the discretion of the trial judge. Alabama Code 1975, § 15-18-4, provides: “When an offender who is under sentence from a federal court is convicted in a state court, the state judge, in his discretion, may impose a sentence to be served concurrently with the federally imposed sentence, in the federal penal system.” [Emphasis added]. This statute merely authorizes, but does not require, the trial judge to order that a state sentence run concurrent with a federal sen *1208 tence. “[I]t has been the established policy of this state that terms of sentences are to run consecutively, and not concurrently.” Glisson v. State, 281 Ala. 187, 188, 200 So.2d 498 (1967); Alabama Code 1975, § 14-4-9. Generally, it is not within the province of this Court to review a sentence imposed within the limits defined by statute. Daniels v. State, 437 So.2d 614, 618 (Ala.Cr.App.1983). The three-year sentence was not unconstitutionally disproportionate to the crime under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.