* Reporter's Note: This appeal was dismissed by the Court of Criminal Appeals on November 25, 1985, on the motion of the appellant.
Appellant was charged with fraudulent use of a credit card in violation of § 13A-9-14, Code of Alabama 1975. She pleaded guilty, and pursuant to the Habitual Felony Offender Act, was sentenced to the minimum sentence thereunder of fifteen years. The State offered proof of three prior felony convictions in the State of Texas.
Prior to entering her guilty plea, the trial court asked appellant if she had signed the "Ireland Form" introduced, if she had understood it, and if her attorney had explained it to her. She answered in the affirmative. The trial judge did not specifically advise her of the minimum and maximum sentences, but the "Ireland Form" shows the possible sentence to be from not less than fifteen years to life, "as per the habitual offender act." Appellant, her counsel, and the trial judge signed the "Ireland Form." Appellant also stated in open court that she was satisfied with her attorney and signed a form to that effect, which is in the record.
Appellant raises two issues on appeal.
 I
First she contends that her guilty plea is invalid because the trial judge did not specifically explain the range of punishment for the offense to the appellant prior to her plea.
There is a court reporter's transcript of the colloquy between the judge and the appellant before us. While this colloquy does not allude to the range of punishment, the "Ireland Form" does show that appellant was so apprised. This is sufficient. Bradley v. State, 53 Ala. App. 483, 301 So.2d 247
(1974); Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974).
The record shows that the guilty plea was taken after full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969), and that it was voluntarily and understandingly entered. There is no merit to this contention. *Page 620 
 II
At sentencing the State notified appellant that it intended to proceed against her as a habitual offender. The State introduced certified documents from the State of Texas, which indicated that appellant had three prior felony convictions. Appellant contends that the prior felonies used to enhance punishment were not properly authenticated. Appellant asserts that § 12-21-73 (7) controls and the State contends that §12-21-71 is the controlling provision.
The proper mode of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, which states in pertinent part:
 "The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form. . . ."
See Phillips v. State, 462 So.2d 981 (Ala.Crim.App. 1984);Livingston v. State, 419 So.2d 270 (Ala.Crim.App. 1982).
In the case sub judice the State introduced certified copies of judgment entries from the State of Texas. The State failed to produce certificates from a "judge, chief justice or presiding magistrate" verifying that the attestations were in due form. Appellant properly objected to the introduction of this evidence and her objection should have been sustained.
Based on the foregoing, the case is due to be, and is hereby, remanded for a new sentencing hearing in which the State must properly prove any prior felony convictions committed by this appellant. Upon completion of the sentencing hearing, due remand is to be made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.