ON REHEARING, EX MERO MOTU
LEIGH M. CLARK, Circuit Judge.
The attention of the waiter of the original opinion in this case has been called to two thus far unpublished opinions in cases in this Court whereby the writer is convinced that the original opinion herein is not correct as to the sentencing procedure, the hearing, and the sentence imposed of life imprisonment without parole; the cases are McBride v. State, 480 So.2d 619 (Ala.Cr.App.1985), per Judge Patterson, and Murphy v. State, [Ms. 6 Div. 822, January 7, 1986] (Ala.Cr.App.1986), per Judge Taylor, wherein it is held that the second sentence of Alabama Code, § 12-21-70 continues to be applicable, which provides:
“The record and judicial proceedings of courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court affixed if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the seal of attestation is in due form.” (Emphasis supplied).
In view of what has been held in the cases cited, we now hold that the case sub judice should now be remanded for a new sentencing hearing, at which the State shall properly prove any and all prior felony convictions committed by this appellant, and we direct that the trial court then render a new and appropriate judgment of sentence. A return to this order of re-mandment will be made in due course.
APPLICATION FOR REHEARING GRANTED EX MERO MOTU; OPINION EXTENDED; JUDGMENT OF CONVICTION AFFIRMED; REMANDED WITH DIRECTIONS FOR PROPER SENTENCING.
All the Judges concur.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
At the new sentencing hearing, at which appellant and his counsel appeared, it was shown that the defendant had been previously convicted of two felonies, and it is shown through the signature of the trial judge:
“The defendant having nothing to say why he should not be resentenced, it is, ORDERED, that the defendant is remanded to the custody of the Commissioner of the Department of Corrections for life.”
It appearing to us that the appellant has been resentenced to imprisonment for life as a habitual felony offender, pursuant to Criminal Code 13A-5-9(b)(3), the judgment of sentence, as well as the judgment of conviction, is now AFFIRMED.
All Judges concur.