McMILLAN, Judge.
This appeal follows a conviction for theft of property in the first degree, in violation of § 13A-8-3(b), Code of Alabama (1975), and a sentence of life imprisonment as a habitual offender. Because there was improper proof of appellant’s prior felony conviction in the State of Florida, we remand, with directions.
Although six issues are raised in this appeal, only one issue has merit and we will limit our discussion to this issue. After the jury returned a verdict of guilty against the appellant for the offense of theft of property in the first degree, the State gave notice of its intent to proceed under the provisions of the Alabama Habitual Felony Offender Act. At a separate sentencing hearing, the State introduced certain documents which purported to prove that the appellant had committed and been convicted of four previous felonies in the State of Florida. The proof of these convictions, however, was improper, based upon the authority of McBride v. State, 480 So.2d 619 (Ala.Cr.App.1985).
In McBride, this court, per Judge Patterson, stated as follows:
“The proper mode of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, which states in pertinent part:
“ ‘The record and judicial proceedings of the courts of any State or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form....’ “See Phillips v. State, 462 So.2d 981 (Ala.Cr.App.1984); Livingston v. State, 419 So.2d 270 (Ala.Cr.App.1982).
“In the case subíndice the State introduced certified copies of judgment entries from the State of Texas. The State failed to produce certificates from a ‘judge, chief justice or presiding magistrate’ verifying that the attestations were in due form. Appellant properly objected to the introduction of this evidence and her objection should have been sustained.” Id. at 620.
Here, as in McBride, proper objection was made by defense counsel that the State failed to properly prove that the appellant had four prior felony convictions in the State of Florida because the State did not follow the requirements of § 12-21-70, Code of Alabama (1975).
Under the authority of McBride, this case is remanded for a new sentencing hearing so that the State may properly show whether the appellant has been previously convicted of any felonies. Upon completion of the sentencing hearing, due remand should be made to this court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This case was remanded to the trial court for a sentencing hearing. A return has now been filed which shows that, after due notice to the appellant, a sentencing hearing was held. At the sentencing hearing, the State introduced evidence of four prior felony convictions in the State of Florida and the appellant was sentenced to imprisonment in the state penitentiary for a term of his natural life pursuant to the provisions of the Alabama Habitual Felony Offender Act.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.