ON REHEARING
TYSON, Judge.
Appellee, State of Alabama, points out in a motion filed pursuant to Rule 40 A.R.A.P. that the Ireland form in this record is incorrect with reference to the minimum punishment.
Nevertheless, in addition to this discrepancy, there is not a complete explanation of the appellant’s rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) as originally noted. McBride v. State, 480 So.2d 619 (Ala.Crim. App.1985).
Moreover, the appellant’s counsel had twice sought to withdraw the guilty plea because of the change in the State’s position with reference to the punishment in this cause. See Santobello v. United States, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and authorities therein cited.
In the case at bar, the judge refused to allow the appellant to withdraw her guilty plea which request was seasonably made. This was error. See Blow v. State, 49 Ala.App. 623, 274 So.2d 652 (1973); English v. State, 56 Ala.App. 704, 325 So.2d 211, cert. denied, 295 Ala. 401, 325 So.2d 216 (1975); Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Crim.App.1980); and Ex parte Otinger, 493 So.2d 1362 (Ala. 1986).
Because of all of the foregoing reasons, this cause is due to be reversed and remanded.
OPINION EXTENDED, APPLICATION OVERRULED, REVERSED AND REMANDED.