The appellant, Marlin Everett Engles, was indicted, by two counts, and convicted for the offense of theft of property in the first degree, as proscribed by § 13A-8-3, Code of Alabama 1975.
As his sole issue, Engles contends that he was improperly sentenced as a habitual offender to life imprisonment on the *Page 199 
ground that his prior federal conviction for the offense of transporting illegal aliens in violation of8 U.S.C. § 1324(a)(2) (1970), one of the three felonies used to enhance his punishment, is not a "felony" under the Alabama Criminal Code for purposes of § 13A-5-9, Code of Alabama 1975. For determination of this issue, we look to "the 'conduct' made the basis of the prior conviction, rather than where it occurred, or when it occurred," for "[a] conviction in any other jurisdiction, at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year . . . is not a 'felony conviction' unless the act 'would have been' punishable under our own criminal laws on or after January 1, 1980, by a sentence exceeding one year."Thompson v. State, 525 So.2d 820, 826 (Ala. 1985) (emphasis in original). By this analysis, we find that Engles's prior federal conviction could not be considered a prior "felony" under A.R.Crim.P.Temp. 6(bX3)(iv), for we have not found, nor has the attorney general pointed out, a State counterpart for the federal crime of transporting illegal aliens; such conduct would not be classified as a felony under Alabama law. See Reese v. State,456 So.2d 341, 352 (Ala.Cr.App. 1982), cert. denied,464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983); Carter v.State, 420 So.2d 292, 297 (Ala.Cr.App. 1982), cert.denied, 420 So.2d 292 (Ala. 1982). Since Engles's sentence was improperly enhanced by this prior federal conviction, we vacate the trial court's sentence and remand for resentencing.
With our remand for resentencing, we call the trial court's attention to the documentation of the two remaining prior felony convictions for determination of whether it reflects that Engles was attended by counsel or waived counsel at the time of the convictions, Douglas v. State,406 So.2d 1051 (Ala.Cr.App.), cert. denied, 406 So.2d 1053
(Ala. 1981), and whether the documents are properly authenticated in compliance with § 12-21-70. McBridev. State, 480 So.2d 619 (Ala.Cr.App. 1985).
Based on the foregoing, this cause is remanded for a new sentencing hearing. Upon its completion, due remand is to be made to this court.
REMANDED WITH DIRECTIONS.
All Judges concur.
 ON RETURN TO REMAND