McMILLAN, Judge.
The appellant was convicted of the distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975, and was sentenced to seven years’ imprisonment, which sentence included a five year enhancement pursuant to § 13A-12-250, Code of Alabama 1975.
I
The appellant contends that there was insufficient evidence to sustain the jury’s verdict of guilt. Specifically, he argues that the State failed to prove that he committed an “overt act” to support the charge, and, therefore, he argues, he cannot be considered an “aider or abettor” to the sale.
The evidence presented by the State tended to show the following: Police Officer Yolanda Murphy testified that she was assigned to a Mobile County drug task force when she approached a group of five men in an attempt to purchase drugs. The appellant, a member of the group, asked her what she needed. Murphy responded by saying that she needed “a $20 piece of crack.” The appellant told her: “I know who to buy from.” Officer Murphy testified that she then bought the cocaine from a third party, and not from the appellant.
Section 13A-12-211, Code of Alabama 1975, provides:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V. •
“(b) Unlawful distribution of controlled substances is a Class B felony.”
In Greenwald v. State, 579 So.2d 38, 39 (Ala.Cr.App.1991), this court stated:
“ ‘Furnish’ means to supply by any means, by sale or otherwise, .and a sale need not be shown. McKissick v. State, 522 So.2d 3 (Ala.Cr.App.1987). The ordinary meaning of ‘furnish’ is to provide or supply. Walker v. State, 428 So.2d 139 (Ala.Cr.App.1982). Moreover, the participation of a defendant in, or his or her criminal linkage with, a ‘sale’ is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled substance to the buyer. Martin v. Alabama, 730 F.2d 721 (11th Cir.1984).”
Here, the appellant, by suggesting where Officer Murphy could purchase illicit drugs, “participated” in the sale, and thereby provided a criminal linkage sufficient to support his conviction under § 13A-12-211, Code of Alabama 1975.
II
The appellant argues that sentencing under § 13A-12-250, Code of Alabama 1975, the schoolyard enhancement statute, is selectively and discriminatorily used and is thus unconstitutional. The record indicates, however, that this issue was not presented to the trial court and thus was *1249 not preserved for appellate review. Eddings v. State, 571 So.2d 388 (Ala.Cr.App. 199°)-
Ill
The State suggests that this case should be remanded for a new sentencing proceeding because of a conflict in the record concerning the exact sentence the appellant received. The record reveals that the trial judge orally imposed a five-year sentence at the sentencing hearing. The State objected on grounds that it should be allowed to prove that the distribution took place within three miles of a school and, therefore, that the sentence should be enhanced pursuant to § 13A-12-250. After the State presented proof that the incident took place within the three-mile limit, the trial judge orally changed the sentence to five years and two days. However, the case action summary sheet indicates that the sentence was seven years (a minimum sentence of two years for a Class B felony in addition to the mandatory five-year term pursuant to the “schoolyard” enhancement statute).
In Benedict v. State, 494 So.2d 865, 867 (Ala.Cr.App.1986), this court stated:
“Alabama has a long-established rule that where there is a conflict in the record between the court reporter’s transcript and a written judgment entry, the judgment entry controls. Keeton v. State, 280 Ala. 140, 190 So.2d 694 (1966); Tuberville v. State, 348 So.2d 868 (Ala. Cr.App.), cert. denied, 348 So.2d 870 (Ala. 1977). This is especially true when the sentence according to the court reporter’s transcript might be unlawful, while the judgment entry reflects a valid sentence. Williams v. State, 27 Ala.App. 542, 176 So. 471, cert. denied, 234 Ala. 622, 176 So. 472 (1937).”
Ex parte Hammond, 510 So.2d 153 (Ala. 1987). Here, the appellant was not present when the correct sentence was entered against him. This case is due to be remanded to the trial court with instructions to pronounce sentence in the presence of the appellant, unless the right to be present is waived. A return should be filed with this court within 84 days of this opinion.
REMANDED FOR RESENTENCING.
All Judges concur.