PER CURIAM.
The petitioner, Michael L. Jones, filed this petition for a writ of mandamus requesting that we direct Judge Robert Earl Wilters to set aside his order denying Jones’s motion to be treated as a “technical” violator under the recent amendment to § 15-22-54.1, Ala.Code 1975.
In 1999, Jones was convicted of rape, was sentenced to 15 years’ imprisonment, and was placed on probation. In 2004, probation-revocation proceedings were initiated. Jones’s probation was revoked, and he was ordered to serve the remainder of his sentence in a state penitentiary. This Court affirmed the revocation of his probation on appeal, without an opinion. See Jones v. State, (No. CR-04-0617, June 17, 2005) 926 So.2d 1086 (Ala.Crim.App.2005) (table).
In July 2010, Jones filed a motion in the Baldwin Circuit Court pursuant to newly amended § 15-22-54.1, Ala.Code 1975, arguing that he is a technical violator according to the amendment and should be re-sentenced. On July 14, 2010, the circuit court denied Jones’s motion. Jones then filed this petition for a writ of mandamus with this Court.
Section 15-22-54.1, as amended effective April 30, 2010, provides:
“(a) Any person convicted of a nonviolent offense now serving a prison sentence based on revocation of probation as a result of only technical violations shall be entitled to be resentenced upon petition to the sentencing court. Such petition shall be on a form and filed in the manner prescribed by the Administrative Office of Courts. Petitions shall be considered authorized motions for modification of sentence, assigned a unique identifier by the Administrative Office of Courts, and shall not require payment of a filing fee.
“(b) The court shall have jurisdiction to resentence the offender in accordance with the terms of this section, upon a showing of the following:
“(1) The offender successfully completed the terms of probation for six months.
“(2) Probation was thereafter revoked and the offender was sentenced to the penitentiary only as a result of technical violations of probation.
“(3) The offender has no disciplinary infractions while serving the sentence in the penitentiary.
“(4) The offender has no pending charges or convictions for a new offense.”
*1106 The question presented in this case is whether the denial of a motion under § 15-22-54.1 is appealable to this Court or is reviewable by mandamus petition.
Section 15-22-54.1, Ala.Code 1975, like the amendment to § 13A-5-9.1, Ala.Code 1975, gives a lower court the authority to reopen a case after a case is final. When discussing whether an order on a motion to reconsider a sentence pursuant to § 13A-5-9.1 is appealable, we have stated:
“[I]n Kirby [v. State, 899 So.2d 968 (Ala.2004) ], when it reversed this court’s order dismissing Kirby’s appeal, the Alabama Supreme Court implied that such orders are appealable. Further, in Alabama Department of Mental Health & Mental Retardation v. State, 873 So.2d 1176, 1177-78 (Ala.Crim.App.2003), we noted:
“ ‘There is no right to appeal granted in the Alabama Constitution of 1901. This Court’s appellate jurisdiction is prescribed in § 12-3-9, Ala. Code 1975, which states:
“ ‘ “The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.”
“ ‘Amend. No. 328, § 6.03(a), Ala.Const.1901, also states that this Court shall “exercise” its appellate jurisdiction “under such terms and conditions as shall be provided by law and by rules of the Supreme Court.”
“ ‘As we recently stated in Dixon v. City of Mobile, 859 So.2d 462, 463 (Ala.Crim.App.2003):
“ ‘ “ ‘The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction.’ McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App.1971). ‘Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt.’ Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). ‘An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.’ Harris v. State, 44 Ala.App. 632, 632, 218 So.2d 285, 286 (1969).” ’
“(Footnote omitted.) Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted defendant may appeal the conviction and sentence to this court. As we explain in Part I of this opinion, a § 13A-5-9.1 motion involves reopening an existing case, in which there has been a conviction and sentence, for possible re-sentencing. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable.”
Prestwood v. State, 915 So.2d 580, 582-83 (Ala.Crim.App.2005).
The same logic applies in this case. In amending § 15-22-54.1 to provide convicted probation violators with the authority to file a motion to be treated and sentenced as a technical violator, the legislature specifically conferred jurisdiction on the court to reopen a probation-revocation case. Logically, because we routinely review probation-revocation proceedings, a ruling denying a defendant’s motion to be treated as a technical violator would likewise be appealable to this Court.
A petition for a writ of mandamus will issue only if the following prerequisites are established: (1) a clear legal right to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) no adequate *1107 remedy at law; and (4) the properly invoked jurisdiction of the reviewing court. See State v. Williams, 679 So.2d 275 (Ala.Crim.App.1996). Jones has failed to establish the prerequisites for the issuance of a writ of mandamus because he has an adequate remedy at law. See Ex parte Dunn, 8 So.3d 935, 937 (Ala.2008). Accordingly, this petition is due to be denied.
PETITION DENIED.
WISE, P.J., and WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.