This is an appeal by Billy Joe Magwood from denial of his petition for a writ of error coram nobis including an attempt to invoke § 15-16-23, Code of Alabama 1975, suspending the execution of the death sentence of insane convicts.
Magwood was convicted of the March 1, 1979, murder of Coffee County Sheriff Neal Grantham, while Sheriff Grantham was acting in his official capacity. Our court affirmed his conviction and death sentence in Magwood v. State, 426 So.2d 918 (Ala.Cr.App. 1982). This affirmance was in turn affirmed by the Alabama Supreme Court in Ex Parte Magwood, 426 So.2d 929 (Ala. 1983). The United States Supreme Court denied certiorari in Magwood v.Alabama, ___ U.S. ___, 103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983).
Magwood's execution was set for July 22, 1983. On July 13, 1983, appellant filed this petition and a full hearing was had on July 18, 1983. The circuit court denied the petition and the application for stay of execution in a comprehensive opinion. Meanwhile, appellant petitioned the federal court for a writ of habeas corpus and applied for a stay of execution, which secured him a stay of execution pending consideration of his petition. The federal court then decided to delay the federal habeas corpus proceeding to wait for the outcome of this appeal.
 I
Section 15-16-23, Code of Alabama 1975, provides that: *Page 1268 
 "If after conviction and sentence to death, but at any time before the execution of the sentence, it is made to appear to the satisfaction of the trial court that the convict is then insane, such trial court shall forthwith enter an order in the trial court suspending the execution of the sentence to the time fixed in the order; and, if it subsequently is made to appear to the court that such convict, the execution of the sentence of whom has thus been suspended, is restored to sanity, the trial court shall forthwith have another order entered ordering and commanding the execution of the judgment and sentence originally awarded in said court at a time fixed in such order. This mode of suspending the execution of sentence after conviction on account of the insanity of the convict shall be exclusive and final and shall not be reviewed or revised by or renewed before any other court or judge. No court or judge in this state shall have the power or right to suspend the execution of sentence of any other court of record on account of the insanity of the convict. This section shall not prevent the judge or court from impaneling a jury to try the question of insanity or from examining such witnesses as he may deem proper for guidance."
It is interesting to note that the legislature provided that the order of the trial court ". . . shall not be reviewed or revised by or renewed before any court or judge. No court or judge in this state shall have the power or the right to suspend the execution of sentence of any other court of record on account of the insanity of the convict." This provision was obviously necessary if any sentence of execution is ever to be carried out. Otherwise, a person awaiting execution could simply file an application every time the last one was denied,ad infinitum, thereby defeating the intent of the law and the will of the legislature. Our laws are now choking in red tape. We will not add to the problem by creating a right of appellate review contrary to the explicit language of the statute.
The trial court's entered order was conclusive. Neither our court nor the Supreme Court has jurisdiction over this matter.
 II
Appellant contends that he was denied effective assistance of counsel. A full hearing was had on this issue at the trial level resulting in a determination that appellant was not denied effective assistance of counsel. At the hearing both the attorneys for the appellant, skilled and experienced practitioners, testified. A careful review persuades us that the trial court was correct in its decision.
 III
Appellant next contends that § 15-16-23, is unconstitutional on its face and as applied. Much less elaborate procedural requirements governing the stay of execution for an insane person have received approval of the United States Supreme Court in Solesbee v. Balkcom, 339 U.S. 9, 70 S.Ct. 457,94 L.Ed. 604 (1950). Section 15-16-23 is constitutional.
 IV
The issue of actual prejudice resulting to the appellant as a result of pretrial publicity is an issue properly considered on appeal. Since the issue could have been raised on appeal, appellant is barred from presenting it in this coram nobis proceeding. Summers v. State, 366 So.2d 336 (Ala.Cr.App. 1978), cert. denied, 366 So.2d 346 (Ala. 1979).
There appears to be no merit in any of the issues raised by the appellant in this petition for writ of error coram nobis and effort to stay execution. Accordingly, the action of the trial court denying the petition is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1269