This is an appeal from denial of a petition for a writ of habeas corpus by Price Knight, an inmate of Bryce Hospital. Appellant Knight was confined after having been found not guilty of a first degree murder charge by reason of insanity. He petitioned for a writ of habeas corpus on August 30, 1983, and that petition was denied by the circuit court. Petitioner's appeal from this decision was not timely and was dismissed by this court. He again petitioned for habeas corpus and the parties stipulated to the facts. This second petition was denied on May 28, 1984, and is now before us on appeal.
A person who has been acquitted of a criminal charge, such as murder in this case, on the grounds that he is insane bears the burden of proof when he sues to be released from confinement. He must prove by a preponderance of the evidence that he is no longer mentally ill or dangerous, in order to prevail in a habeas corpus proceeding. Section 15-21-3, Code of Alabama (1975) states:
 "Any person confined as insane may prosecute a writ of habeas corpus . . .; and, if the judge . . . shall determine at the hearing that the person is insane, *Page 878 
such decision does not bar a second application alleging that such person has been restored to sanity."
The case of Lynch v. Baxley, 386 F. Supp. 378, 391 (M.D.Ala. 1974), Civil Action No. 74-89-N, and the unpublished order dated May 6, 1975, establishes the principles governing the retention of people in mental hospitals in Alabama.
As the three-judge federal panel stated in the Lynch order:
 "In the case of a person presently confined and receiving treatment for his mental illness, however, his need to be recommitted to the custody of the Department of Mental Health or to the Veteran's Administration may not be readily demonstrable by the same type of `recent overt act' which is constitutionally prerequisite to the commitment of an individual at liberty. In such cases, the need for a recommitment must be established by evidence which provides some factual basis to support the hospital staff's recommendation that recommitment is necessary for the patient's health and well-being." (emphasis supplied)
It stands to reason that where someone is compelled to accept medication and is in a relatively non-stressful environment, such as is sought to be maintained at Bryce Hospital, there may not have been any recent overt act of violence. In the case of persons already confined to Bryce Hospital, this requirement was dealt with by the federal court in the foregoing paragraph of the order issued by the court dealing with persons already confined in a mental institution. There need only be "some factual basis" to support the hospital staff's recommendation.
In Williams v. Wallis, 734 F.2d 1434 (11th Cir. 1984), the court stated:
 "As noted previously, special patients are those who are considered dangerous. Binding precedent in this circuit holds, however, that differences in release procedures based on dangerousness are constitutionally permissible. See Powell v. Florida, 579 F.2d 324, 333 n. 15 (5th Cir. 1978) (dangerousness of insanity acquittee `justifies treating a person differently from the ones otherwise civilly committed for purposes of deciding whether the patient should be released')."
The evidence adduced at the hearing held in this case is that the petitioner, Price Knight, had already been released from Bryce Hospital once. Once free, he had stopped taking his medication and had killed a man. He was adjudicated not guilty by reason of insanity. At the hearing, Dr. Miller testified that the petitioner is currently mentally ill, if mentally ill is defined as "anything covered in the [diagnostic and statistical] manual [of the American Psychiatric Association]."
Two doctors testified that the petitioner was mentally ill, posed a real and present threat of substantial harm to himself and others, that the danger was evidenced by a recent overt act, that there was treatment available for the illness diagnosed, and that confinement was necessary for petitioner's and the community's safety and well-being. They testified the commitment was the least restrictive alternative necessary and available for treatment of petitioner's illness. The evidence of the need to retain the petitioner is conclusive. The Circuit Court of Tuscaloosa County was clearly justified in denying the petition for writ of habeas corpus filed by Price Knight.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1208