ROBERTSON, Judge.
This is an appeal from the dismissal of a petition for a writ of habeas corpus filed by Randy Reed, an insanity acquittee at Taylor Hardin Secure Medical Facility in Tuscaloosa.
Reed was indicted in Jefferson County in 1982 for the murder of his father. He was adjudicated not guilty by reason of insanity pursuant to § 15-16-43, Ala.Code 1975 (1982 Repl.Vol.), and was involuntarily committed to the Department of Mental Health and Mental Retardation (Department) on March 28, 1984. He was subsequently civilly committed by the Probate Court of Tuscaloosa County on May 30, 1984.
Reed, as an insanity acquittee, filed for habeas corpus review as allowed mental patients under § 15-21-3, Ala.Code 1975 (1982 Repl.Vol.). He filed his petition in Tuscaloosa County, where he is presently confined in the hospital. The trial court *783 dismissed Reed’s petition without conducting a hearing on the merits. Reed appeals.
Reed raises two issues for appellate review: (1) whether the Criminal Psychopath Release Restriction Act supersedes the jurisdictional requirements of the Alabama statutes on habeas corpus, and (2) if the Criminal Psychopath Release Restriction Act is construed to supersede habeas corpus, whether this violates the Alabama and the United States Constitutions.
The trial court’s order in its entirety is as follows:
“It appears to the Court that the petitioner was ordered to be admitted to Bryce Hospital by the Probate Court of Jefferson County, Alabama, after a finding of not guilty by reason of insanity in the 10th Judicial Circuit Court of Alabama. This case is incorrectly filed in this Court. Case dismissed without prejudice. Costs taxed to petitioner.”
Reed was initially involuntarily committed to the Department by the criminal division of the Jefferson County Circuit Court. That Court ordered “that the Defendant not be released without further order of this Court subsequent to a hearing in regard to his release.” The trial court in Tuscaloosa County apparently considered this language to completely maintain jurisdiction over Reed when it dismissed Reed’s petition.
It is statutorily mandated that the filing of a petition for a writ of habeas corpus be addressed to the nearest circuit court judge when one is confined under a commitment. Section 15-21-6(a), Ala.Code 1975 (1982 Repl.Vol.). This even applies to convicted felons confined in a state penitentiary in one county, but convicted and sentenced from a different county. Hobson v. State, 425 So.2d 511 (Ala.Crim.App.1982). It appears that Reed properly addressed his petition to the nearest circuit court judge by addressing it to the county in which he is confined in the hospital.
The Criminal Psychopath Release Restriction Act (Act) codified beginning at § 15-16-60, Ala. Code 1975 (1982 Repl.Vol.), provides the procedure when the Department initiates a release, but does not provide a procedure for the insanity acquittee to initiate release. The legislature apparently chose not to address this in the Act, or possibly omitted such without any consideration.
A special statutory provision exists for the person confined as insane to prosecute a writ of habeas corpus. Section 15-21-3, Ala.Code 1975 (1982 Repl.Vol.). Our courts have held that a suspension of the writ is a prohibited denial of the right to demand an investigation into the cause of detention. Luckie v. State, 502 So.2d 870 (Ala.Crim.App.1986); State v. Towery, 143 Ala. 48, 39 So. 309 (1904).
Clearly, the Criminal Psychopath Release Restriction Act does not supersede the jurisdictional requirements of the present Alabama law on habeas corpus. In light of this determination, it is unnecessary to reach Reed’s second issue.
.Accordingly, because the trial court failed to conduct a hearing on the merits of the allegations raised in Reed’s petition, this court must reverse and remand this cause for a hearing in the circuit court of Tuscaloosa County on the merits of the allegations made in the petition.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.