This is an appeal from the circuit court's denial of a petition for writ of habeas corpus by David Canidate, an insanity acquittee being held at Taylor Hardin Secure Medical Facility.
Canidate was admitted to Taylor Hardin in 1983, following his being found not guilty of murder by reason of insanity. Canidate is currently being confined to Taylor Hardin pursuant to a 1984 recommitment order entered by the Probate Court of Tuscaloosa County.
Initially, we note that § 12-3-10, Code 1975, confers jurisdiction on this court "because the appeal involves the enforcement of an order or action of an administrative agency, namely Alabama Department of Mental Health and Mental Retardation." Nix v. State, 512 So.2d 121 (Ala.Civ.App. 1987) (citations omitted).
An insanity acquittee bears the burden of proof when he seeks release from confinement. Knight v. State, 460 So.2d 876
(Ala.Cr.App. 1984). That burden of proof requires that the acquittee prove by the preponderance of the evidence that he is no longer mentally ill or dangerous, in order to prevail in the habeas corpus proceeding. Winchester v. Bartlett,532 So.2d 1258 (Ala.Civ.App. 1988); Knight.
Here, Canidate asserts that the trial court's denial of his habeas petition was in error, contending that he is required to prove only that he is no longer dangerous, and that he is not required to provide guarantees concerning his future behavior.See Carlisle v. State, 512 So.2d 150 (Ala.Cr.App. 1987).
We note that this case, having been presented to the trial court ore tenus, is no different from any other ore tenus situation. Winchester. In other words, a presumption of correctness attaches to the trial court's decision in this proceeding, and that decision will not be disturbed on appeal absent a determination that it is plainly and palpably wrong.Winchester. If credible evidence was presented to the trial court in support of its judgment, then the court's denial of Canidate's petition cannot be plainly and palpably wrong.Winchester.
Having carefully reviewed the evidence, we find that it fully supports the denial of Canidate's petition.
Testimony elicited at trial indicated that Canidate has a current mental illness of paranoid schizophrenia and that he is still experiencing delusions. Further, one of the doctors testified that "[a]t the current time . . . [Taylor Hardin] Secure Medical is the only facility in which we could provide essentially a safe and secure placement for Mr. Canidate."
That doctor's opinion was that if Canidate were released from Taylor Hardin, he would pose a threat of harm to himself or others. The doctor indicated that this opinion was based in part on Canidate's past history of violent behavior, as well as his past history of failure to maintain his treatment, combined with Canidate's remaining delusional ideations.
We find this court's language in Winchester particularly applicable: "[t]he record is clear that in Winchester's case the likelihood of dangerous conduct upon release is more than a 'mere expectancy that danger-productive behavior might be engaged in.' Lynch v. Baxley, 386 F. Supp. 378, 391 (M.D.Ala. 1974)." Here, the likelihood of dangerous conduct by Canidate upon release was also shown to be more than an expectancy. *Page 1236 
Finally, Canidate argues that a prior mental evaluation was improperly excluded from evidence. However, we note that he cites us no authority establishing that the court's exclusion of this evidence amounted to reversible error. Alabama Rule of Appellate Procedure 28 requires citations of authority for issues raised on appeal. Gunn v. Jefferson County Department ofPensions Security, 467 So.2d 963 (Ala.Civ.App. 1985). Consequently, we are precluded from considering this issue.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.