TAYLOR, Presiding Judge.
The appellant, Varnall Weeks, appeals the trial court’s ruling that he is competent to be put to death on May 12, 1995. The appellant, a death row inmate, filed a motion in the Circuit Court for Macon County, under § 15-16-23, Code of Alabama 1975, contending that he is insane and, therefore, cannot be lawfully executed. The trial court held a hearing and found that the appellant was competent to be executed. The appellant appeals the circuit court’s ruling and contends that the court erred in its finding of sanity. The state has filed a motion to dismiss the appeal citing this court’s opinion in Magwood v. State, 449 So.2d 1267 (Ala.Cr. App.1984), and the language of § 15-16-23.
Section 15-16-23, states:
“If after conviction and sentence to death, but at any time before the execution of the sentence, it is made to appear to the satisfaction of the trial court that the convict is then insane, such trial court shall forthwith enter an order in the trial court suspending the execution of the sentence to the time fixed in the order; and, if it subsequently is made to appear to the court that such convict, the execution of the sentence of whom has thus been suspended, is restored to sanity, the trial court shall forthwith have another order entered ordering and commanding the execution of the judgment and sentence originally awarded in said court at a time fixed in such order. This mode of suspending the execution of sentence after conviction on account of the insanity of the convict shall be exclusive and final and shall not be reviewed or revised by or renewed before any other court or judge. No court or judge in this state shall have the power or right to suspend the execution of sentence of any other court of record on account of the insanity of the convict. This section shall not prevent the judge or court from impaneling a jury to try the question of insanity or from examining such witnesses as he may deem proper for guidance.”
(Emphasis added).
This case is governed by § 15-16-23 and this court’s application of that statute in Magwood. The statute clearly states that a finding by the trial court on the issue of insanity, as it relates to this statute, is not reviewable by any other court. This court in Magwood stated the reasoning behind this statute:
“It is interesting to note that the legislature provided that the order of the trial court ‘... shall not be reviewed or revised by or renewed before any court or judge. No court or judge in this state shall have the power or the right to suspend the execution of sentence of any other court of record on account of the insanity of the convict.’ This provision was obviously necessary if any sentence of execution is ever to be carried out. Otherwise, a person awaiting execution could simply file an application every time the last one was denied, ad infinitum, thereby defeating the intent of the law and the will of the legislature. Our laws are now choking in red tape. We will not add to the problem by creating a right of appellate review contrary to the explicit language of the statute.”
“The trial court’s entered order was conclusive. Neither our court nor the Supreme Court has jurisdiction over this matter.”
Magwood, 449 So.2d at 1268.
The state’s motion to dismiss this appeal is due to be granted.
APPEAL DISMISSED.
All the Judges concur.