PER CURIAM.
The Alabama Department of Mental Health and Mental Retardation (the “Department”) appeals the trial court’s ruling denying its request to release Tyrone McClothan from its custody. See Rule 25.8, Ala.R.Crim.P. In 1993, McClothan was charged with arson in the first degree and was found not guilty by reason of mental disease or defect. He was remanded to the custody of the Department. In 1999, the Department filed a motion, seeking to have McClothan released from its custody. After a hearing, the trial court denied the Department’s motion and ordered that McClothan remain in the Department’s custody until otherwise directed by the court. The Department then appealed.
Before we may review this case we must determine whether the Department has the right to appeal the trial court’s ruling. The State, in this case here the Department of Mental Health, has only a limited right to appeal; that right is governed by § 12-12-70, Ala.Code 1975, § 12-22-90, Ala.Code 1975, § 12-22-91, Ala.Code 1975, and Rule 15.7, Ala.R.Crim.P. According to these Code sections and rule, the State may appeal a ruling holding a statute un *114 constitutional and it may appeal a pretrial ruling suppressing evidence, dismissing charges, or quashing an arrest or search warrant. Section 12-22-90(b) also provides that the State may appeal the granting of a habeas corpus petition. This provision states:
“The district attorney or other prosecuting officer or attorney may take an appeal on behalf of the state to the appropriate appellate court when, on habeas corpus, any person held in custody under a charge or conviction for crime or for extradition as a fugitive from justice from any other state is discharged from custody or when any person held in custody under an indictment by the grand jury charging him with a capital offense is admitted to bail.”
The situation presented in this case falls under none of the above provisions allowing the State the right to appeal. We have also reviewed Rule 25.8, Ala.R.Crim.P., which addresses the procedure after a defendant is found not guilty by reason of mental disease or defect. This rule does not provide for an appeal by the Department from an order denying its request to release someone who has been committed to its custody after he or she has been found not guilty by reason of mental disease or defect. Neither does § 15-16-60 et al., otherwise known as “The Criminal Psychopath Release Restriction Act” — the act upon which Rule 25.8 is patterned.[1]
The Department has no right to appeal the ruling in this case. For the foregoing reasons, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. If McClothan desires to seek review of the trial court's ruling denying his release from the Department of Mental Health's custody he can file a petition for a writ of habeas corpus in the circuit court nearest the place of his committment. See § 15-21-6, Ala.Code 1975. "In order to prevail in a habeas corpus proceeding, the petitioner must establish by a preponderance of the evidence that he is no longer mentally ill or dangerous.” Schell v. State Department of Mental Health & Mental Retardation, 606 So.2d 1149 (Ala.Civ.App.1992).