PER CURIAM.
On May 23, 2001, the trial court entered a judgment in which it found William Michael Dexter not guilty by reason of insanity on charges of assault. In that same judgment, the trial court ordered that Dexter be involuntarily committed to the custody of the Department of Mental Health and Mental Retardation for treatment. Dexter was confined at Taylor Hardin Secure Medical Facility.
On February 22, 2002, Dexter, acting pro se, filed a petition for a writ of habeas corpus, in which he alleged that he no longer met the requirements under § 22-52-37, Ala.Code 1975, for civil commit *718 ment. The trial court denied Dexter’s petition. Dexter appealed to this court.
In his brief on appeal, Dexter contends, among other things, that he would like to enter a plea of not guilty to the charges lodged against him (apparently the assault charges), and that his confinement has caused him to suffer from claustrophobia. However, Dexter’s brief on appeal contains no citations to supporting legal authority, in contravention of Rule 28, Ala. R.App. P. Although this court is not unsympathetic to a pro se litigant such as Dexter, he must, nonetheless, comply with legal procedures and court rules in the same manner as a litigant represented by counsel. Jones v. Seibert, 624 So.2d 689 (Ala.Civ.App.1993); Bowman v. Pat’s Auto Parts, 504 So.2d 736 (Ala.Civ.App.1987). “The operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel.” Black v. Allen, 587 So.2d 349, 349 (Ala.Civ.App.1991).
Dexter’s failure to comply with Rule 28, Ala. R.App. P. leaves this court with nothing to review; we must affirm the trial court’s judgment. Sullivan v. Alfa. Mut. Ins. Co., 656 So.2d 1233 (Ala.Civ.App.1995).
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., concurs specially.