On Rehearing Ex Mero Motu
The order of dismissal issued on January 7, 2003, and the opinion on application for rehearing issued on April 25, 2003, are hereby withdrawn and the following is substituted therefor.
The Alabama Department of Mental Health and Mental Retardation ("the Department") and Tyrone McClothan appeal the trial court's ruling denying the Department's motion filed pursuant to Rule 25.8(b), Ala.R.Crim.P., seeking to release McClothan from its custody.[1] In 1993, McClothan was indicted for arson in the first degree. A jury found McClothan not guilty by reason of mental disease or defect. After the jury returned its verdict, the trial court held an involuntary commitment hearing pursuant to Rule 25.3, Ala.R.Crim.P., and ordered that McClothan be involuntarily committed to the custody of the Department. Since McClothan's commitment, the Department has on four occasions — in 1999, 2000, 2001, and 2002 — filed motions in the circuit court seeking to release McClothan from its custody conditionally. After a hearing on the latest motion, the trial court denied the Department's request. The Department and McClothan then filed a notice of appeal with this court.[2]
On January 7, 2003, we dismissed this case by an order, citing our decision in Alabama Department of Mental Health Mental Retardationex rel. McClothan v. State, 819 So.2d 113 (Ala.Crim.App. 2001),[3] the Department's appeal from the 1999 denial of its motion to release McClothan. McClothan then filed an application for rehearing requesting that we reconsider our earlier dismissal.
There is no right to appeal granted in the Alabama Constitution of 1901. This Court's appellate jurisdiction is prescribed in §12-3-9, Ala. Code 1975, which states:
 "The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
Amend. No. 328, § 6.03(a), Ala. Const. 1901, also states that this Court shall "exercise" its appellate jurisdiction "under such terms and conditions as shall be provided by law and by rules of the Supreme Court."
As we recently stated in Dixon v. City of Mobile, [Ms. CR-02-0669, March 21, 2003] 859 So.2d 462, 463 *Page 1178 
(Ala.Crim.App. 2003)[4]:
 "'The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction.' McCray v. State, 46 Ala. App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App. 1971). `Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt.' Thornton v. State, 390 So.2d 1093, 1096
(Ala.Crim.App. 1980). `An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.' Harris v. State, 44 Ala. App. 632, 632, 218 So.2d 285, 286 (1969)."
"An appeal in a criminal case can only be taken from a judgment of conviction, in the absence of statutory authority to the contrary. Hughesv. State, 45 Ala. App. 250, 228 So.2d 862 (1969)." Forrest v. State,344 So.2d 231, 232 (Ala.Crim.App. 1977). The appellants concede "that the right to appeal is statutory and that a defendant must be `convicted' in order to appeal. Ala. Code § 12-22-130." (The Department's brief to this Court at page 17.)
A verdict of not guilty by reason of mental disease or defect acquits the defendant of all criminal liability as to the charge upon which the verdict is directed. Cf. § 15-16-24, Ala. Code 1975. The defendant can never again be tried for that offense. After such a verdict has been accepted, a separate hearing may be held if the court finds probable cause to believe that the defendant is mentally ill and is a danger to himself and the community.[5] Because the commitment hearing does not occur until after the trial court has accepted a jury's verdict acquitting the defendant, a commitment proceeding under Rule 25 cannot be a postconviction proceeding within the meaning of § 12-3-9, because it does not follow a "conviction."
Before the passage in 1988 of the Criminal Psychopath Release Restriction Act, codified in § 15-16-60 et seq., Ala. Code 1975 (the "Act"), and before the adoption of Rule 25, Ala.R.Crim.P., the Court of Civil Appeals routinely reviewed the rulings of lower courts on release requests filed by individuals acquitted and adjudged insane, because, as that Court stated, the appeals involved the enforcement of administrative agency rulings from the Department — rulings that are within the appellate jurisdiction of the Court of Civil Appeals based on § 12-3-10. See Nix v. State, 512 So.2d 121 (Ala.Civ.App. 1987), and Winchester v.Bartlett, 532 So.2d 1258 (Ala.Civ.App. 1988). We also observe that exclusive jurisdiction was granted to that Court by § 22-52-33 and § 22-52-15, Ala. Code 1975, because the action to commit a defendant acquitted on the basis of a mental disease or defect was initiated by the Department in the probate court of certain counties and was classified as a civil commitment proceeding. Section 22-52-33, Ala. Code 1975, states:
 "Where any person who is currently in the custody of the department of mental health has been adjudicated `not guilty by reason of insanity' pursuant to the provisions of Sections 15-16-24, 15-16-25 and 15-16-40, the commissioner or his designee shall petition the judges *Page 1179 
of probate of Tuscaloosa or Mobile Counties or any judge of probate where such facility exists for an order of civil commitment to the Department of Mental Health and Mental Retardation."
Section 22-52-15, further provides, in part:
 "An appeal from an order of the probate court granting a petition seeking to commit a respondent to the custody of the department or designated mental health facility as the court may order lies to the circuit court for trial de novo unless the probate judge who granted the petition was learned in the law, in which case the appeal lies to the Alabama Court of Civil Appeals on the record."
It is now impossible to comply with § 22-52-33, Ala. Code 1975, because two of the three sections cited in that Code section — §§ 15-16-25 and 15-16-40 — have been repealed. McSwain v.Stricklin, 540 So.2d 81 (Ala.Civ.App. 1989). Moreover, those statutory provisions that conferred jurisdiction on the Court of Civil Appeals were effectively repealed, in part, by the adoption of the Act. The Act and Rule 25 both provide that the action to commit a defendant acquitted on the basis of a mental disease or defect is initiated by the trial court and not the Department and that an action to release the acquittee is commenced in the trial court of the county where the criminal act occurred, not in the probate court of the county where the mental-health facility at which the acquittee has been committed is located. Section15-16-62 states that an insanity acquittee may not be released "unlessauthorized to do so by court order as provided in this article." (Emphasis added.)[6]
However, the Act, passed in 1988, provides a procedure for the Department to petition a circuit court for the release of a person who has been involuntarily committed following a verdict of not guilty by reason of mental disease or defect. Absent from the Act were any provisions that allowed a person so committed to petition *Page 1180 
for his release from custody.[7] In part in response to this void, the Alabama Supreme Court adopted Rule 25, Ala.R.Crim.P., effective January 1, 1991.[8]
Rule 25.8 specifically addresses the filing of a motion for release by the defendant, by another person on his behalf, or by the commissioner of the Department. This rule and the Act effectively amend and replace § 15-21-3,[9] the habeas corpus statute, with respect to persons who are committed after the entry of a verdict of not guilty by reason of mental disease or defect. Both the Act and the rule provide entirely new procedures for, and venues in which to seek release of a defendant who has been involuntarily committed. Rule 25.8(b) states:
 "Upon receipt by the court of a motion from the defendant, a motion on behalf of the defendant, or a motion from the commissioner, alleging that the defendant is no longer mentally ill or no longer poses a real and present threat of substantial harm to himself or others by being at large, or no longer poses a real and present threat of substantial harm to himself or to others by being at large if certain conditions are imposed upon the defendant's release, and accompanied by the certification of a mental health expert stating that, in the expert's opinion, those allegations are correct, the court shall give notice to the district attorney (who shall then notify the victim pursuant to Ala. Code 1975, § 15-14-50
et seq.), the commissioner, and the regional or community mental health facility which is or may be involved if the defendant is released, and the defendant, the defendant's guardian, or the defendant's attorney, and unless an order of release is stipulated by the parties with consent of the court, shall hold a hearing to determine whether said defendant is still mentally ill or still poses a real and present threat of substantial harm to himself or to others. The court may not be required to give notice or to hold a hearing on such motion for any defendant more frequently than every six (6) months. The court shall conduct the hearing without empaneling a jury."
Unlike the habeas corpus statute that defines the court of jurisdiction as the court nearest to the defendant's place of confinement, Rule 25.8, defines the court of jurisdiction as the court that originally committed the individual — the court that presided over the criminal case. *Page 1181 
Both the Act and Rule 25, Ala.R.Crim.P., prescribe the procedures for initiating an involuntary commitment proceeding after a verdict of not guilty by reason of mental disease or defect has been returned by a jury. They also address the procedure to petition a circuit court for release. However, neither the Act nor the rule provides for appellate review of a circuit court's ruling denying a motion for release made by the Department, the person involuntarily committed, or by a person on the committee's behalf.[10]
Because there is no provision in Rule 25 for an appeal from a ruling on such a motion, we have no choice but to dismiss this appeal. If the Department or McClothan disagrees with this holding, we invite them to seek certiorari review in the Alabama Supreme Court. We also recommend that the Department seek legislative action to address appellate review of adverse rulings, a matter that was apparently inadvertently overlooked by the drafters of the Act.
ON REHEARING EX MERO MOTU: ORDER OF DISMISSAL OF JANUARY 7, 2003, WITHDRAWN; OPINION OF APRIL 25, 2003, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] The records of the office of the clerk of this Court reflect that initially the notice of appeal in this case listed only Tyrone McClothan as the appellant. However, this Court received an amended notice of appeal adding the Department as an appellant. Also, our records show that McClothan filed a brief in this Court and that the Department accepted and adopted the facts and arguments in McClothan's brief. We have styled this case as "Department of Mental Retardation and Mental Health ex rel. Tyrone McClothan. The phrase "ex rel." is an abbreviation for "[o]n the relation or information of." Black's Law Dictionary 603 (7th ed. 1999). In this case both the Department and McClothan are interested parties to the actions in the circuit court.
[2] See note 1.
[3] We held in that earlier opinion that the State had no right to appeal the ruling denying McClothan's release because there was no statute or rule authorizing such an appeal by the State. We noted that the State has only a limited right to appeal. The State may appeal a ruling holding a statute unconstitutional, a pretrial ruling suppressing evidence, a pretrial ruling dismissing the charges, a ruling quashing an arrest or search warrant, or a ruling granting a habeas corpus petition and ordering an individual's release from custody. See §§ 12-12-70,12-22-90, and 12-22-91, Ala. Code 1975; and Rule 15.7, Ala.R.Crim.P.
[4] In Dixon, we held that there was no right to appeal a circuit court's dismissal of a de novo appeal.
[5] Rule 25.3, Ala.R.Crim.P., states:
 "Whenever the court finds probable cause pursuant to Rule 25.2(b), the court shall hold a hearing within seven (7) days of the order issued pursuant thereto to determine whether the defendant shall be involuntarily committed. For good cause shown, the court may continue the hearing to a later date not to exceed thirty (30) days from the determination of the finding of probable cause."
[6] Neither this Court nor the Court of Civil Appeals has been consistent about handling these cases. Our research has revealed three cases in which this Court has reviewed an acquittee's request to be released: Carlisle v. State, 512 So.2d 150 (Ala.Crim.App. 1987) (this case notes that the defendant was not found not guilty by reason of mental disease or defect; rather, the State joined issue with his plea of not guilty by reason of mental disease or defect); Knight v. State,460 So.2d 876 (Ala.Crim.App. 1984) (this case was considered before the adoption of the Act or Rule 25, Ala.R.Crim.P.); and Cooley v. State,695 So.2d 1219 (Ala.Crim.App. 1996) (this Court never reached the question whether Cooley suffered from a mental disease or defect because the only issue presented was whether the motion was filed in the proper county).
The Court of Civil Appeals has considered the following cases after motions were filed to release a defendant acquitted on the basis of insanity: Nix v. State, 512 So.2d 121 (Ala.Civ.App. 1987); Winchester v.Bartlett, 532 So.2d 1258 (Ala.Civ.App. 1988); Reed v. Taylor HardinSecure Med. Facility, 545 So.2d 782 (Ala.Civ.App. 1989); Canidate v.Stricklin, 568 So.2d 1234 (Ala.Civ.App. 1990). Nix was clearly decided after the effective date of the Act. Winchester was decided before the effective date of the Act; this Court transferred the case to the Court of Civil Appeals. Reed was decided before Rule 25, Ala.R.Crim.P., was adopted. Canidate was clearly decided after the Act was in place. More recently we have transferred an appeal from a motion of the Department to release Canidate to the Court of Civil Appeals. See Canidate v. State, (No. CR-01-0420). That Court accepted jurisdiction of the case, affirmed the lower court's decision, and certiorari review was denied in August 2002. See Ex parte Canidate, 842 So.2d 648 (Ala. 2002). See alsoDexter v. State, 842 So.2d 717 (Ala.Civ.App. 2002) (denial of motion for release by a defendant acquitted on the basis of mental disease or defect and committed to a mental-health facility was affirmed because the defendant failed to file a brief on appeal that cited any legal authority).
[7] See Reed v. Taylor Hardin Secure Medical Facility, 545 So.2d 782,783 (Ala.Civ.App. 1989), "The Criminal Psychopath Release Restriction Act (Act) codified beginning at § 15-16-60, Ala. Code 1975 (1982 Repl. Vol.), provides the procedure when the Department initiates a release, but does not provide a procedure for the insanity acquittee to initiate release."
[8] Although Rule 25 is contained in the Alabama Rules of Criminal Procedure, we note that a rule's placement is not always indicative of what court has jurisdiction. For example, this court has jurisdiction of habeas corpus petitions, and those petitions are governed by the Alabama Rules of Civil Procedure. See Rule 81(13), Ala.R.Civ.P. Also, petitions filed pursuant to Rule 32, Ala.R.Crim.P., are routinely considered by this Court even though they have been classified as civil actions. See Exparte Wright, [Ms. 1001181, May 3, 2002] 860 So.2d 1253 (Ala. 2002).
[9] This Code section is entitled, "Persons entitled to prosecute writ — Persons confined as insane." This section states provides:
 "Any person confined as insane may prosecute a writ of habeas corpus as provided in this chapter; and, if the judge or the jury, when the petitioner demands the issues arising to be tried by a jury, shall decide at the hearing that the person is insane, such decision does not bar a second application alleging that such person has been restored to sanity."
[10] We note that under § 15-16-23, a death-row inmate may petition in the circuit court to be declared insane. This section provides, in part, "This mode of suspending the execution of sentence after conviction on account of the insanity of the convict shall be exclusive and final and shall not be reviewed or revised by or renewed before any other court or judge." We have held that this finding is not reviewable by any court. See Weeks v. State, 663 So.2d 1045 (Ala.Crim.App. 1995).
 *Page 101