PER CURIAM.
The appellant, Dedrick L. Wells, appeals the circuit court’s order finding him incompetent to participate in the proceedings in the circuit court and committing him to the custody of the Department of Mental Health and Mental Retardation (“the Department”). From the sparse record before this Court it appears that Wells was adjudicated delinquent and was placed on probation. At some later time, probation-revocation proceedings were initiated. During the proceedings, Wells’s attorney moved for a mental evaluation of Wells. After the evaluation was completed, the trial court found Wells incompetent to participate in the probation-revocation proceedings, and it committed Wells to the custody of the Department. Wells, acting pro se, filed notice of appeal of the order finding him incompetent. The circuit court forwarded the appeal to this Court. We transferred the case to the Court of Civil Appeals. The Court of Civil Appeals then transferred the case to the Supreme Court. This Court then requested that the Supreme Court return the case to this Court. By order dated August 20, 2003, that court transferred the case to this Court pursuant to our request.
*643 The order that is the subject of this appeal reads as follows:
“State and defense counsel waive defendant’s presence. State and defense counsel stipulate to oral report from Dr. Guy Renfroe. Pursuant to report and recommendation of Dr. Renfroe, the defendant is declared incompetent and committed to the custody of the Alabama Department of Mental Health and Mental Retardation to receive treatment until such time as he is found to be competent to proceed. The Defendant is continued in delinquency status.
“State’s motion to withdraw and file this case until such time that the defendant is competent to proceed is granted.”
As indicated by the order quoted above, Wells’s attorney agreed with the expert’s findings that Wells was incompetent and did not appeal from this ruling. Wells, however, acting pro se, filed a notice of appeal.[1]
Rule 11, Ala.R.Crim.P., addresses the procedures for reviewing a defendant’s competency to stand trial or to participate in other court proceedings. Rule 11.6(c), Ala.R.Crim.P., states the options a trial court has when it determines that a defendant is incompetent to stand trial. Rule 11.6(d), Ala.R.Crim.P., further provides for periodic reviews of a defendant who is found to be incompetent. Rule 11.6(d)(1) states:
“(1) The court shall periodically review the situation of a defendant released pursuant to Rule 11.6(c)(2)(i) or Rule 11.6(c)(3)(ii) or committed for treatment pursuant to Rule 11.6(c)(2)(i), Rule 11.6(c)(3)(i), or pursuant to other provisions of law in effect before the effective date of these Rules of Criminal Procedure. The defendant shall be required to report periodically to the court at such times and dates as the judge shall specify in the court’s order and shall have the right to attend the review hearing, unless the court, after appropriate inquiry, determines that the defendant is so mentally or physically ill as to be incapable of attending. The release or commitment pursuant to an original order providing for release or commitment shall not exceed six (6) months, and the release or commitment pursuant to any order renewing an order providing for release or commitment shall not exceed one (1) year. The sheriff of the county in which the competency review hearing is held shall be responsible for transporting the defendant to and from the competency review hearing and shall be responsible for the custody and care of the defendant during the hearing and while the defendant is being transported.”
Rule 11.7 also provides for periodic competency hearings once a defendant has been committed.[2]
However, there is no provision in Rule 11, Ala.R.Crim.P., addressing the right to *644 appeal an order committing an individual after the individual has been found incompetent to stand trial. Nor is this Court aware of any other rule or statute that gives such a defendant the right to appeal that ruling.[3] As we stated in Alabama Department of Mental Health and Mental Retardation ex rel. McClothan v. State, 873 So.2d 1176, 1177 (Ala.Crim.App.2003) (opinion on rehearing ex mero motu):
“ ‘ “The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction.” McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App.1971). “Appeals lie only from judgements of conviction, and then only on those counts upon which there is a finding of guilt.” Thornton v. State, 390 So.2d 1093, 1096 (Ala.Crim.App.1980). “An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute.” Harris v. State, 44 Ala. App. 632, 632, 218 So.2d 285, 286 (1969).’
“ ‘An appeal in a criminal case can only be taken from a judgment of conviction, in the absence of statutory authority to the contrary. Hughes v. State, 45 Ala. App. 250, 228 So.2d 862 (1969).’ ”
873 So.2d at 1178.
Because there is no statute or rule of court that gives a defendant the right to appeal a competency order that has been entered finding the defendant incompetent this Court has no jurisdiction to consider this case. For the foregoing reasons, this appeal is due to be, and is hereby, dismissed. Wells’s remedy is to file a petition for a writ of habeas corpus according to § 15-21-3, Ala.Code 1975.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. We need not address the effect of the filing of a notice of appeal by an individual who has been found incompetent and who has been committed to the custody of the Department.

. The Committee Comments to Rule 11.7 state:
"Rule 11.7(a) is intended to ensure that the status of all defendants adjudicated incompetent under Rule 11.6(c)(2) will be thoroughly reviewed at reasonably frequent intervals. This review process is intended to obviate the very real danger that the defendant could be incarcerated without a trial for a number of months or years on minor charges when the defendant’s condition would not justify civil commitment (e.g., in any case where the .defendant is incompetent but poses no danger to himself or herself or to others).”

. However, Section 15-21-3, Ala.Code 1975, provides:
"Any person confined as insane may prosecute a writ of habeas corpus as provided in this chapter; and, if the judge or the jury, when the petitioner demands' the issues arising to be tried by a jury, shall decide at the hearing that the person is insane, such decision does not bar a second application alleging that such person has been restored to sanity.”