JORDAN, Circuit Judge,
dissenting.
After reviewing the record, I believe that Vernon Madison is currently incompetent. I therefore do not think that Alabama can, consistent with the Constitution, execute him at this time for his murder of a police officer three decades ago. See generally Panetti v. Quarterman, 551 U.S. 930, 958, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (explaining that a state cannot put to death a prisoner who “cannot reach a rational understanding of the reason for the execution”). But Congress has chosen to generally prohibit federal courts from adjudicating constitutional claims anew on habeas review, so Mr. Madison’s competency (or lack thereof) is not our initial call to make. Under the restrictive standards we are required to apply, see 28 U.S.C. § 2254(d), and given the way we interpreted Panetti in Ferguson v. Secretary, 716 F.3d 1315 (11th Cir. 2013), I do not think Mr. Madison can obtain habeas relief.
I
Mr. Madison asserts that the state trial court’s decision is not entitled to AEDPA deference because Alabama law does not provide for any appellate review. See Br. for Appellant at 20-26. But he did not present this theory to the district court, and normally we do not entertain arguments raised for the first time on appeal. See, e.g., Landers v. Warden, 776 F.3d 1288, 1296-97 (11th Cir. 2015). I understand that we have discretion to address an unpreserved claim, see, e.g., Burns v. Secretary, 720 F.3d 1296, 1303 n.2 (11th Cir. 2013) (citing cases), but I would not exercise such discretion here because Mr. Madison never sought a certificate of ap-pealability on this issue.
II
Mr. Madison argues that the state trial court improperly applied a competency standard which required him to show that he suffered from a mental illness, and refused to consider his dementia and corresponding memory deficits. As a result, he says,' the state trial court’s decision was contrary to, and an unreasonable application of, Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), and Panetti. See Br. for Appellant at 26-31. I am not convinced by this argument.
First, the state trial court cited both Ford and Panetti in its order. And it cor *1191 rectly quoted Panetti for the proposition that “[a] prisoner’s awareness of the [sjtate’s rationale for an’ execution is not the same as a rational understanding of it. Ford does not foreclose inquiry into the latter.” D.E. 8-2 at 4 (quoting Panetti, 551 U.S. at 959, 127 S.Ct. 2842) (internal quotation marks omitted).
Second, although I strongly disagree with Alabama’s contention that mental illness is a necessary (though not sufficient) prerequisite for a finding of incompetency under Ford and Panetti — I can imagine a number of scenarios where lack of competency is not due to mental illness — Mr. Madison told the state trial court at the evidentiary hearing that the applicable competency standard was the one approved in Weeks v. Jones, 52 F.3d 1559, 1568 (11th Cir. 1995), i.e., the standard found in Standard 7-5.6(b) of the American Bar Association’s Criminal Justice Mental Health Standards (which itself refers to “mental illness”), as modified by Panetti. Mr. Madison explained the standard as follows:
[T]his [cjourt would have the obligation of determining whether Mr. Madison, as a result of mental illness or mental retardation, cannot understand the nature of the pending proceeding, what he ... was tried for, the reason for the punishment, or the nature of the punishment. And I’m reading from Weeks.... The convict is also incompetent if, as a result of mental illness or retardation, the convict lacks sufficient capacity to recognize or understand any fact which may exist which would make the punishment unjust or lawful, or lacks the ability to convey such information to counsel or the [c]ourt. Obviously, there’s the United States Supreme Court decision in P[a]netti as well, which describes the standard as one of having a rational understanding of the proceedings and not just a factual understanding of what’s happening.
D.E. 8-1 at 7-8 (emphasis added). Because Mr. Madison urged the state trial court to use the Weeks standard, which referred to mental illness, he cannot now complain that it did as he asked. See, e.g., F.T.C. v. AbbVie Prod. LLC, 713 F.3d 54, 65-66 (11th Cir. 2013) (concluding that party which argued for a certain standard in the district court invited error and could not request a different standard on appeal).
Ill
Mr. Madison contends that the state trial court erred in finding him competent to be executed. This claim is a difficult one, but at the end of the day I do not believe that Mr. Madison can overcome the presumption of correctness afforded to the state trial court’s factual finding by clear and convincing evidence.
A
A state can, consistent with the Due Process Clause of the Fourteenth Amendment, presume that a defendant is competent, and place the burden on him to show otherwise by a preponderance of the evidence. See Medina v. California, 505 U.S. 437, 446-53, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992); Cooper v. Oklahoma, 517 U.S. 348, 355-56, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). Unfortunately, the Alabama statute at issue here, Ala. Code § 15-16-23, is silent on who has the burden of proof as to competency, and because the statute does not allow for appellate review of a trial court’s competency ruling, see, e.g., Weeks v. State, 663 So.2d 1045, 1046 (Ala. Crim. App. 1995), there are no reported decisions in Alabama which address the burden of proof. Our cases involving § 15-16-23 are also silent on that issue. See, e.g., *1192 Magwood v. Smith, 791 F.2d 1438, 1445-47 (11th Cir. 1986).[1]
In its order, the state trial court explained that the parties had agreed that Mr. Madison had the burden of showing, by a preponderance of the evidence, that he is incompetent and cannot be executed. See D.E. 8-2 at 4. When he filed his habeas corpus petition, Mr. Madison did not take issue with the state trial court’s statement. See D.E. 1 at 15-16. And in his brief here Mr. Madison does not quarrel with the state trial court’s allocation of the burden of proof. It seems to me, therefore, that our § 2254(d)(2) analysis must proceed with the understanding that in the state trial court Mr. Madison bore the burden of establishing that he is incompetent. That necessarily means, of course, that Alabama did not have to establish that Mr. Madison is competent.[2]
B
The state trial court’s determination that Mr. Madison is competent under Panetti constitutes a finding of fact. See, e.g., Demosthenes v. Baal, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990) (pre-AEDPA); Lawrence v. Secretary, 700 F.3d 464, 476-77 (11th Cir. 2012) (post-AEDPA). Under AEDPA that finding of fact is “presumed to be correct,” and Mr. Madison shoulders the burden of rebutting that-“presumption of correctness by clear and convincing evidence.” 28 U.S.C. § 2254(e)(1). Clear and convincing evidence, as we have explained, is “an intermediate standard of proof that lies between proof by a preponderance of the evidence and proof beyond a reasonable doubt.” Fults v. GDCP Warden, 764 F.3d 1311, 1314 (11th Cir. 2014).
Significantly, we do not apply Panetti and Ford in a vaccum. In Ferguson, we explained that Panetti, though rejecting a “bare and narrow factual-awareness standard[,] ... did not abrogate or otherwise reject the awareness standard articulated by Justice Powell [in Ford], nor did it impose a new, more rigorous standard for assessing competency to be executed.” 716 F.3d at 1335. “Instead, the Supreme Court in Panetti generally accepted the proposition that Ford had laid down the ‘substantive federal baseline for competency,’ and it clarified that the requisite ‘awareness’ or ‘comprehension’ required by Ford was tantamount to a ‘rational understanding’ of the connection between a prisoner’s crimes and his execution.” Id. at 1335-36 (citation omitted). “What the Supreme Court rejected in Panetti was an overly narrow interpretation of Ford that deems a prisoner’s mental illness and delusional beliefs irrelevant to whether he can understand the fact *1193 of his pending execution and the reason for it.” Id. at 1336.
In.Ferguson we also pointed out that Panetti declined to provide a definition of the phrase “rational understanding,” except to say that “ ‘normal’ or ‘rational’ in this context does not mean what a layperson understands those terms to mean.” Id. at 1337 (citation omitted). And “[b]ecause the Supreme Court refrained from clearly establishing in Panetti any definition of rational understanding,” we said' that “state courts can hardly be faulted for not clearly defining it themselves.” Id.
There is, undoubtedly, evidence in the record which shows that Mr. Madison— given his thalamic stroke, ensuing vascular dementia, and numerous other significant medical problems — is incompetent. Dr. John Goff, for example, concluded that Mr. Madison is not competent. Mr. Madison, according to Dr. Goff, does not remember who his victim was. See D.E. 8-1 at 59. And although Mr. Madison realizes that he is going to be executed, Dr. Goff believes that he does not understand why due to the loss of episodic (i.e., event-specific) memory. See id. at 48, 55. Dr. Goff reached his conclusion after examining Mr. Madison, administering a number of tests to him, interviewing other individuals who interacted with him, and reviewing his medical history. See id. at 40-53. I personally find Dr. Goffs opinion persuasive and would credit it if I were the factfinder, but that is not my role. See Burt v. Titlow, - U.S. -, 134 S.Ct. 10, 15, 187 L.Ed.2d 348 (2013) (“[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.”).[3]
What matters here is that there is evidence in the record which supports a finding that Mr. Madison is competent. Dr. Karl Kirkland, following an examination of Mr. Madison and a review of his medical records, concluded that he is competent despite a decline in cognitive functioning. See D.E. 8-1 at 17. As set forth in his report, which was admitted as Court Exhibit 1 at the state court evidentiary hearing, Dr. Kirkland reached his conclusion based on findings that Mr. Madison (a) does not have “psychosis, paranoia, or delusion;” (b) remembers his appeals and has a strong belief that his state trial judge should have recused himself; (c) understands the “exact posture of his case at this point;” (d) is “able to accurately discuss many aspects of his case;” and (e) “appears to be able to have a rational understanding of the sentence, the results or effects of the sentence, and to still be able to discuss defense and legal theories with his attorneys.” D.E. 8-3 at 9-11. At the evidentiary hearing, Dr. Kirkland testified that Mr. Madison is “able to discuss the posture of the case at this point in an accurate fashion,” and is “able to be cognizant, aware ... where he is with the case.” D.E. 8-1 at 16-17. He also explained that Mr. Madison knows about his pending execution, and realizes that he has two possible sentences: execution and life without parole. Id. at 23, 25-26.
The state trial court found, after considering the conflicting evidence, that Mr. Madison failed to prove by a preponderance of the evidence that he is incompetent. See D.E. 8-2 at 10. The state trial court accepted the testimony of Dr. Kirkland as to Mr. Madison’s understanding of the situation, and specifically found that Mr. Madison “has a rational! 1 under *1194 standing, as required by Panetti, that he is going to be executed because of the murder he committed and a rational! ] understanding that the [sjtate is seeking retribution and that he will die when he is executed.” Id.
I acknowledge that Dr. Kirkland may not have performed the most exhaustive of examinations, may not have asked the best questions, and may not have provided the most pristine opinion. But that is not dis-positive because Alabama did not have the burden of proof. Given that Mr. Madison bore the burden of establishing his incompetency, and that the state trial court considered but implicitly rejected Dr. Goffs opinion, see Hodges v. Attorney General, 506 F.3d 1337, 1347 n.2 (11th Cir. 2007), I do not. believe Mr. Madison can overcome the presumption of correctness given to that court’s competency finding by clear and convincing evidence. See Ferguson, 716 F.3d at 1339-42; Fults, 764 F.3d at 1314, 1319-21. Stated differently, the state trial court’s finding was not “objectively unreasonable in light of the evidence presented in the state-court proceeding.” Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).[4]
IV
Respectfully, and reluctantly, I dissent.

. One of our opinions, James v. Singletary, 957 F.2d 1562, 1571 (11th Cir. 1992), says — without citing any authority — that a "petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or incompetency by a preponderance of the evidence.” This language, however, is dicta because the James panel only addressed whether the Florida petitioner in that case had done enough to obtain an evidentiary hearing in the district court.

. Some Alabama cases, in addressing competency to stand trial under Ala. Code § 15-16-22. have explained that the defendant bears an initial burden of producing evidence that he is incompetent, but once he does so the state “must then prove that [he] is competent.” Lackey v. State, 615 So.2d 145, 152 (Ala. Crim. App. 1992). Mr. Madison has not tried to place the burden on Alabama even though dicta in Magwood v. State, 689 So.2d 959, 973 (Ala. Crim. App. 1996), suggests that "[t]he standards and guidelines concerning [§ 15-16-23] are analogous to those concerning the determination of competence to stand trial established in § 15-16-22[.]”

. I do note, however, that Dr. Goff was not aware that Mr. Madison had never admitted that he was guilty of murder, and had tried to establish that he acted in self-defense. See D.E. 8-1 at 65; Madison v. State, 718 So.2d 90, 97 (Ala. Crim. App. 1997).

. Things might be different if Alabama had the burden of demonstrating that Mr. Madison is competent. But, as the case was litigated in the state court, it did not.